26429.    BURNETTE FORD, INC. v. HAYES et al.

ALMAND, Chief Justice. The Court of Appeals has certified for answer by the Supreme Court, the following question: "Where a

party to a case, upon whom the durden [sic] of proof upon the trial of the case does not lie, makes a motion for summary judgment, is all of the evidence adduced on said motion, including the testimony of the party opposing the motion, construed most strongly against the movant?"

In *Lampkin v. Edwards,* 222 Ga. 288 (3) (149 SE2d 708), where both parties made motions for summary judgment, this court said: "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him and he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him."

In *Ryder v. Schreeder,* 224 Ga. 382 (162 SE2d 375), where both parties made motions for a summary judgment, this court said that "the testimony of a party offering himself as a witness in his own behalf is to be construed most strongly against him when it is contradictory, vague, or equivocal . . ."

"On motion for directed verdict the party resisting the motion, i.e., the plaintiff, has had to and has presented his evidence, which is then scrutinized by the motion. On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts." 6 Moore's Federal Practice, § 56.15 [3], p. 2342.

In the case of *Word v. Henderson,* 110 Ga. App. 780 (140 SE2d 92), the defendant, not seeking any affirmative relief, filed a motion for a summary judgment. The court affirmed the grant of a summary judgment in favor of the defendant doctor. In his dissenting opinion, concurred in by three other judges, Judge Jordan said: "Where the evidence on motion for summary judgment is ambiguous or doubtful, the party opposing the motion must be given the benefit of all reasonable doubts and of all

favorable inferences and such evidence construed most favorably to the party opposing the motion. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408)." This court granted the writ of certiorari and in reversing the Court of Appeals it adopted the dissenting opinion as its own opinion.

Our answer to the question certified is: Yes.

*Question answered in the affirmative. All the Justices concur.*
SUBMITTED APRIL 12, 1971—DECIDED MAY 6, 1971.

*Robert E. Corry, Jr.,* for appellant.

*Warren N. Coppedge, Jr., John T. Minor, III, Stafford R. Brooke,* for appellees.