## 47958. RICH'S, INC. v. WATERS.

Bell, Chief Judge. This appeal is from the denial of defendant's motion for summary judgment in a negligence suit. The plaintiff was injured when she exited from an escalator in defendant's store, turned to her left, and tripped over or stumbled into a raised platform on which furniture was displayed. Plaintiff alleged that defendant was negligent (1) in constructing the aisle in an unsafe manner; (2) in failing to make the aisle safe for customers; (3) in placing on the aisle the platform which has the same parquet flooring as the aisle; (4) in constructing the platform "abruptly" in such manner that it would cause a person walking down the aisle to trip and fall forward on reaching it; and (5) in failing to guard the platform or to erect any warning sign in proximity to it. Defendant's motion for summary judgment was supported by the affidavit of an employee and the deposition of the plaintiff. The affidavit of the employee reveals that near the escalator exit there are located two display platforms, approximately 14 feet from the exit, each 9-1/2 inches high, 8 feet wide and 14 feet long. Each platform was illuminated by incandescent light bulbs and fluorescent tubes in the ceiling over the platform and all sides of each platform were illuminated by a continuous series of fluorescent tubes. Photographs of the area were attached to the affidavit. Plaintiff testified that she did not see the raised platform before the fall but that she was not looking for anything except the business office. *Held:*

It is, of course, the general rule that ordinarily issues of negligence are not susceptible to summary adjudication but should be resolved by trial. But here, there is no actionable negligence. Platforms are usual things in stores where goods or wares of a merchant are displayed. They are not inherently dangerous. The evidence here shows that there was nothing unusual or dangerous in the manner in which the platform was placed. The platform as shown by the photographs was illuminated and obvious to anyone when exiting the escalator. When they are placed so as to not threaten or endanger those visiting the store, within full sight and observation, the merchant is not liable for accidents caused by the carelessness and inattention of others. *Tinley v. F. W. Woolworth Co.,* 70 Ga. App. 390 (28 SE2d 322). The allegation that the platform had the same parquet flooring as the aisle offers no basis for recovery as the plaintiff testified that she was not paying any attention to the platform. Thus by this

evidence any deception or optical illusion which might have contributed to her injury was negated. She had the duty to use her sight to discover any defects or dangers. *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47 (183 SE2d 7). Lastly, with respect to the allegation that appellant failed to guard the platform or to place warning signs in close proximity, warnings of conditions which are or should be obvious are not required. *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47, supra.

*Judgment reversed with direction to enter judgment for defendant. Deen and Quillian, JJ., concur.*

ARGUED MARCH 5, 1973 — DECIDED MAY 17, 1973 — REHEARING DENIED JUNE 27, 1973 — 

*Carter, Ansley, Smith & McLendon, Ben Kingree,* for appellant. *Webb, Parker, Young & Ferguson, Harold T. Daniel, Jr., Guy Parker,* for appellee.