## 51025. LANE v. MAXWELL BROTHERS & ASBILL, INC.

Submitted September 9, 1975 — Decided November 24, 1975.

*Calhoun & Donaldson, John R. Calhoun,* for appellant.

*Bouhan, Williams & Levy, James M. Thomas,* for appellee.

DEEN, Presiding judge.

Appellant urges that appellee was negligent in creating and maintaining a hazardous condition on its premises and in failing to exercise the degree of care required under the circumstances. "Platforms are usual things in stores where goods or wares of a merchant are displayed. They are not inherently dangerous. The evidence here shows that there was nothing unusual or dangerous in the manner in which the platform was placed. The platform as shown by the photographs was illuminated and obvious to anyone when exiting the escalator. When they are placed so as to not threaten or endanger those visiting the store, within full sight and observation, the merchant is not liable for accidents caused by the carelessness and inattention of others." *Rich's, Inc. v. Waters,* 129 Ga. App. 305 (199 SE2d 623). The facts in *Rich's, Inc.* reveal a situation remarkably similar to that in the case sub judice; based upon the holding in this case and others we are compelled to affirm the granting of summary judgment.

The test in such situations has been stated to be whether the rise is so inherently dangerous that, assuming the exercise of ordinary care for her own safety, plaintiff could still have fallen. *Cash & Save Drugs, Inc. v. Drew,* 124 Ga. App. 721 (185 SE2d 786). The platform involved here as shown in photographic evidence was illuminated and obvious to anyone exercising ordinary care for his own safety. The allegation that the platform had the same capacity as the floor offers no basis for recovery; appellant had successfully negotiated the rise in order to view the items displayed thereon and was therefore aware of the potential hazard involved in walking across it or in descending from it. Being aware of the elevation, any deception or optical illusion which may have contributed to her injury was negated. *Rich's, Inc. v. Waters,* 129 Ga. App. 305, supra; *Korn v. Tamiami Trail Tours, Inc.,* 108 Ga. App. 510 (133 SE2d 616). Appellant was under a duty to use her sight to discover any defects or dangers. *Herschel McDaniel Funeral Home v. Hines,* 124

Ga. App. 47 (183 SE2d 7). Allegations that it was negligent to fail to place guard rails around the platform or to place warning signs in close proximity are without merit; warnings of conditions which are or should be obvious are not required. *Herschel McDaniel Funeral Home,* supra.

We are aware that issues of negligence are not usually susceptible to resolution by summary judgment but should be left to adjudication in a trial. Where, as here, however, the pleadings and evidence reveal that the rise was not so inherently dangerous that one would have still fallen assuming the exercise of ordinary care, there is no actionable negligence. *Rich's, Inc.,* supra. There being no genuine issue as to material fact, summary judgment was properly granted.

*Judgment affirmed. Bell, C. J., Quillian, Clark, Stolz and Marshall, JJ., concur. Pannell, P. J., Evans and Webb, JJ., dissent.*

EVANS, Judge, dissenting.

This is another one of the many, many "slip and fall" cases which this court has had for consideration recently.

Judith E. Lane sued Maxwell Brothers & Asbill, Inc. for personal injuries she received as an invitee in the defendant's store when she was walking on a raised portion of the floor to a step-down, all of which area was carpeted, having the same color, texture and materials, which created an appearance that the retail furniture she was examining was all actually on the same floor level. She alleges that she could not distinguish between the levels, and when she reached the step-down, this caused her to fall onto the floor, resulting in her injuries.

Summary judgment was granted in favor of the defendants and plaintiff appeals. The majority affirms based on a number of recent decisions of this court. I dissent.

It appears that the majority seek to find a key which will place all slip and fall cases in the same category, but the facts of each case are entirely different, and each must "sit on its own bottom"; and each case requires careful examination of the evidence. The burden is on the defendant who moves for summary judgment to produce

evidence which conclusively negates the essential elements entitling the plaintiff to recover under every theory that may be fairly drawn from the pleadings and the evidence. *Scales v. Peevy,* 103 Ga. App. 42, 46 (118 SE2d 193); *Saunders v. Vikers,* 116 Ga. App. 733, 734 (2) (158 SE2d 324).

The evidence submitted here was sufficient to establish beyond doubt that this was a retail furniture store with the floor space completely carpeted throughout; that there was a raised platform in the middle of the floor which was raised several inches above the floor; and that all of the carpet was the same color, texture and material as covered the entire floor and the platform. Defendant's affidavit recites that there was no *object* obstructing plaintiff's view, but does not comment on the optical illusion it presented. Defendant's affidavit asserts its lighting system was in good working order, which plaintiff does not dispute. And finally, defendant's affidavit asserts that *no other customer has fallen from the elevated display.* We do not know whether any other customer stepped onto the elevation, but this is completely immaterial. A plaintiff does not have the burden of showing that others than plaintiff were injured by the optical illusion created by defendant. Plaintiff's affidavit recited that the raised platform was not marked in any way; that the carpet was the same color, texture and material; and there were no warnings of any nature or description as to the change in the floor levels; that she did not see the difference in the levels of the floor; and she was not put on notice as to said hazardous conditions.

While both of the affidavits mentioned above contain some conclusions of the affiants, it is my opinion that the pleadings and the evidence submitted on summary judgment unquestionably make an issue for a jury to decide, including negligence. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408). I do not believe summary judgment should have been granted in this case. When a condition of the premises is alleged to be defective and the condition is of such character that reasonable and prudent men may reasonably differ as to whether a mishap could and should

have been reasonably anticipated from its existence, an issue is created for jury determination.

The affidavit of plaintiff in response to defendant's motion for summary judgment must be taken as true, and any conflicts between her affidavit and the affidavit of defendant must be resolved in favor of plaintiff, who is the respondent in this motion for summary judgment. See *Holland,* supra, and *McCarty,* supra.

Thus, we must assume as true the statements in the affidavit of Judith E. Lane, plaintiff, that the defendant arranged its furniture in groupings, expecting the customers to walk up to the various groupings to inspect same; that certain furniture on the second floor *was placed on a platform in the center of the floor, but that said platform is raised several inches above the floor; and that the entire second floor is carpeted in a pale green shag material; and the raised platform was likewise covered by said pale green shag carpeting of the same color, texture and material as that which covers the rest of the floor; and this created the impression that all of the furniture on display on said floor is on the same level;* that the raised platform was not marked in any way, nor were there other warnings of any nature as to the change in floor levels; *that plaintiff did not see any difference in the levels of the floor and was not put on notice of the existence of the aforesaid hazardous condition, all of which caused her to fall and incur severe injuries.*

We repeat that regardless of any contrary contention by defendant, the foregoing must be accepted as the truth of the situation.

First of all, plaintiff clearly shows that an *"optical illusion"* was created by defendant, making the raised platform appear to be of the same level with the rest of the floor. This was done by the simple expedient of using a most unusual and beautiful carpeting (a pale green shag carpeting) for both the floor and the raised platform. How easy it would have been to place a beautiful carpeting on the platform, but not of the same color, texture and material as that used on the other part of the floor, so the customers who were invited to come up and inspect this furniture would have been placed on notice of the difference in floor levels!

*"Optical illusions"* have found expression in the law from time to time to explain the failure of a person to become aware of the true physical conditions, and is invariably left for determination by the jury. See *Fuller v. Louis Steyerman & Sons,* 46 Ga. App. 830 (2) (169 SE 508). In *Smith v. Swann,* 73 Ga. App. 144, 145 (3) (35 SE2d 787), this court held that although the plaintiff looked, she failed to see the gully because "the shades and shadows of the vari-colored area of said lot at and about said gully, *presented an optical illusion,"* and defendant's demurrer was overruled and the case was referred to a jury for trial. Again, a jury question was presented in *Pilgreen v. Hanson,* 89 Ga. App. 703, 709 (81 SE2d 18) where this court held that: The defendant had covered the original floor with asphalt tile of such a color and so laid that the floors gave the *optical illusion of being flat and level, whereas in fact the difference in the levels of the two floors when covered with the asphalt tile, left a "hump" which caused plaintiff to lose her footing.*

In the present motion for summary judgment, can this court simply disregard plaintiff's affidavit? She swears that the coloring was such as to deceive her; she swears she looked, but was not aware of the difference in floor levels; she swears this caused her fall. According to my understanding of the law as to summary judgment, this then leaves the case for trial by jury to determine these issues, and defendant cannot "out swear" her by his affidavit.

Other cases which favor plaintiff's contentions are *McCrory Stores Corp. v. Ahern,* 65 Ga. App. 334 (15 SE2d 797); *Boggs v. Griffeth Bros. Tire Co.,* 125 Ga. App. 304 (187 SE2d 915); and *Colonial Stores v. Stanley,* 102 Ga. App. 645 (117 SE2d 245).

In support of its position, defendant cites certain cases which are clearly distinguishable. In *Rich's, Inc. v. Waters,* 129 Ga. App. 305 (199 SE2d 623), the plaintiff ran over a platform which was sitting in the middle of the aisle and plainly discernible if she had looked. In *Herschel McDaniel Funeral Homes v. Hines,* 124 Ga. App. 47 (183 SE2d 7), the plaintiff stepped backward without once looking to see whether it was safe to step backward. In *Vaissiere v. J. B. Pound Hotel Co.,* 184 Ga. 72 (190 SE

354), the plaintiff likewise stepped backward without any exercise of diligence to determine whether she could safely step backward. These cases are in no wise comparable to the case at bar.

I therefore respectfully submit that this is a case that should be determined by a jury, and I dissent from the opinion of the majority.

I am authorized to state that Presiding Judge Pannell and Judge Webb concur in this dissent.