35848. COMBS v. ADAIR MORTGAGE COMPANY.
AIKEN INC. v. DREXLER SHOWER DOOR COMPANY, INC.
WALLER v. TRANSWORLD IMPORTS, INC.

CLARKE, Justice.

The following question has been certified to this court by the Court of Appeals of Georgia: "Is the rule of *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971), still in effect, or should the Court of Appeals apply *Chambers v. Citizens & Southern National Bank,* 242 Ga. 498 (249 SE2d 214) (1978)?"

In *Burnette Ford, Inc. v. Hayes,* supra, this court held that all of the evidence adduced on a motion for summary judgment, including the testimony of the party upholding the motion, is construed more strongly against the movant even though the movant may not be the party upon whom the burden of proof lies at the trial.

Several years later this court decided *Chambers v. Citizens & Southern National Bank,* supra, in which it held: "A party testifying in his own behalf has no right to be intentionally or deliberately self-contradictory; and if he is so, the courts are fully justified in taking against him that version of his testimony which is most unfavorable to him." The foregoing holding was in reference to a party responding to a motion for summary judgment. On the surface it might appear that the court was construing the evidence of the respondent more strictly than that of the movant and therefore contradicting the holding in *Burnette.* A closer examination of the facts in the two cases reveals this not to have been the case.

In *Chambers,* the respondent to the motion for summary judgment personally gave conflicting evidence. The court simply held that where there is such a conflict, and where the conflict is found to be intentionally and deliberately created, the court will adopt the version most unfavorable to the testifying party. The court then found that upon accepting the most unfavorable version, there was no genuine issue of material fact and therefore the

motion for summary judgment should be granted.

The holding in *Chambers* does not lighten the burden upon the movant for a summary judgment nor does it add any additional weight to the burden upon the responding party. *Chambers* simply reiterates the long recognized and established rule that any party testifying in his own behalf is held to a strict standard of candor and responsibility for his own statements and has no right to be intentionally or deliberately self-contradictory. The effect of the *Chambers* holding is that if a party testifying in his own behalf intentionally or deliberately contradicts himself, the more favorable portion of the contradictory testimony shall be treated as though it did not exist.

Therefore, we answer the question certified by saying that this court continues to adhere to the rule enunciated in *Burnette Ford, Inc. v. Hayes,* supra, and views the holding in *Chambers v. Citizens & Southern National Bank,* supra, as one which came about as a result of factual differences.

*Question answered as stated above. All the Justices concur.*

SUBMITTED JANUARY 18, 1980 — DECIDED FEBRUARY 20, 1980.

*Nancy Merrill Hunt,* for Combs.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Frederick E. Link, Lowe, Barham & Lowe, Sam Lowe, Jr., Sam Lowe, III,* for Adair Mortgage Company.

*Edwards, Friedewald & Grayson, James W. Friedewald,* for Aiken.

*John G. McCullough, J. Ben Shapiro, Jr., Alex C. Kliros,* for Drexler Shower Door Company.

*Gray, Hinson & Weyant, John C. Gray,* for Waller.

*Henning, Chambers & Mabry, Rex D. Smith, Freeman & Hawkins, Andrew M. Scherffius,* for Transworld Imports.