## 65749. COOK v. DELITE BEAUTY SUPPLY, INC.

Banke, Judge.

As appellant attempted to exit the business premises of appellee, she failed to notice an approximately 4-inch step-down from the entrance to the walkway. Although she did not fall completely to the ground, she nevertheless suffered a broken ankle and a twisted right shoulder. Appellee maintained no warning sign at the doorway.

In a deposition taken on June 4, 1982, appellant testified that she had not been talking to anyone and that nothing had distracted her as she exited the store. However, in an affidavit signed on August 10, 1982, one day before the hearing on appellee's motion for

summary judgment, she averred that as she was leaving, the appellee's sales clerk said, "Thank you for shopping with us and please come back," causing her to look up to respond and thus to fail to notice the precipice. In a deposition taken on May 5, 1982, the sales clerk made no mention of any such exchange between herself and appellant.

On appeal from the trial court's grant of summary judgment for appellee, appellant contends that a jury question existed as to whether the verbal distraction created by the sales clerk excused appellant's failure to notice the step. *Held:*

1. On motion for summary judgment, all evidence, including the testimony of the party opposing the motion for summary judgment, is generally to be construed against the movant. *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971). However, the Supreme Court has recently ruled that where there is a direct contradiction in the testimony of the respondent as to a material issue of fact, that party's unfavorable testimony will be taken against him. *Tri-Cities Hosp. Auth. v. Sheats,* 247 Ga. 713 (279 SE2d 210) (1981). This is a modification of the previous rule, set forth in *Chambers v. C&S Nat. Bank,* 242 Ga. 498 (249 SE2d 214) (1978), to the effect that a respondent's testimony will be construed against him only where the contradiction is deliberate or intentional.

Appellant's testimony in her deposition and the affidavit was directly and materially contradictory regarding the existence of any verbal distraction. The trial court accordingly was authorized to disregard the affidavit pursuant to *Tri-Cities Hosp. Auth. v. Sheats,* supra.

2. The mere existence or maintenance of a difference in floor levels or of steps in a business building does not constitute negligence. *Lane v. Maxwell Bros. & Asbill,* 136 Ga. App. 712 (222 SE2d 184) (1975); *Cash & Save Drugs v. Drew,* 124 Ga. App. 721 (185 SE2d 786) (1971). In this case, the step-down at the entrance of appellee's premises was obvious, and the evidence shows that there was adequate lighting at the time of the injury. Moreover, appellant had successfully negotiated the condition upon entering the store. The failure to place a warning sign over the door cannot be considered actionable negligence because there is no duty to warn of an open and obvious condition. See *Rich's v. Waters,* 129 Ga. App. 305 (199 SE2d 623) (1973); *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47 (183 SE2d 7) (1971).

Issues of negligence are generally not susceptible to resolution by summary judgment. However, we find that the evidence of record in this case is sufficient to negate the existence of any genuine issue of material fact and that summary adjudication for appellee was proper.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 1, 1983 —
REHEARING DENIED MARCH 21, 1983 — 

*Clarence L. Martin,* for appellant.
*Wayne S. Racz, James M. Thomas, James A. Vaughn,* for appellee.