### 67723. HENSON v. ATLANTA CASUALTY COMPANY.

Banke, Judge.

The plaintiff was injured in a collision on June 13, 1977, while a passenger in a 1955 Ford pickup truck operated by Erby Sellers. Sellers had purchased the pickup truck the day prior to the accident but had not listed it with his insurer, the defendant in this case. Consequently, the defendant denied coverage to Sellers for liability resulting from the collision. The plaintiff subsequently acquired a default judgment against Sellers in the amount of $45,000 and, following a purported assignment to him of Sellers' rights under the policy, filed this suit to recover for the defendant's alleged negligence and bad-faith in refusing to indemnify Sellers. This appeal is from a summary judgment for the defendant.

It is uncontroverted that under the terms of the policy, a newly acquired vehicle is covered for up to 30 days, provided that at the time of the new acquisition all other vehicles owned by the insured are also covered by the same insurer. Sellers originally purchased the insurance policy to obtain coverage on a 1975 Mercury Comet. Dennis Barr, the insurance agent who sold the policy to the plaintiff, testified by affidavit that, upon purchasing the policy, Sellers acknowledged that he owned another automobile but chose to insure only the 1975 Comet. A Department of Revenue certificate appearing of record shows that Sellers became the owner of a 1966 Chevrolet Biscayne on March 1, 1976, and that he renewed the tag in his name on March 8,

---

1977. Mr. Barr states in his affidavit that Sellers added this automobile to his insurance coverage on September 7, 1977, three months after the accident in question.

Sellers admitted in a deposition taken in 1978 that at the time of the accident he owned two other vehicles, including a 1966 Chevrolet which he kept on his grandfather's property. However, the plaintiff urges that a fact question is created by a second deposition, taken in August 1982, wherein Sellers testified that the 1966 Chevrolet was owned by his grandfather. It appears that before this second deposition was taken, the plaintiff's attorneys represented to Sellers' attorney that the plaintiff did not intend to enforce the judgment against Sellers. *Held:*

"On motion for summary judgment, all evidence, including the testimony of the party opposing the motion for summary judgment, is generally to be construed against the movant. *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971). However, . . . where there is a direct contradiction in the testimony of the respondent as to a material issue of fact, that party's unfavorable testimony will be taken against him. *Tri-Cities Hosp. Auth. v. Sheats,* 247 Ga. 713 (279 SE2d 210) (1981). This is a modification of the previous rule, set forth in *Chambers v. C & S Nat. Bank,* 242 Ga. 498 (249 SE2d 214) (1978), to the effect that a respondent's testimony will be construed against him only where the contradiction is deliberate or intentional." *Cook v. Delite Beauty Supply,* 165 Ga. App. 859, 860 (303 SE2d 40) (1983). Although technically speaking this rule has reference only to the testimony of the party respondent, we find it to be applicable in this case since whatever claim the plaintiff may have against the defendant is derived from and based on Sellers' rights under the policy.

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 6, 1984.

William D. Sparks, William S. Goodman, Benjamin H. Terry, for appellant.

W. Wray Eckl, Robert Darroch, Hall F. McKinley III, for appellee.