## 40251. KING v. BRASINGTON.

CLARKE, Justice.

Appellant King and his wife secured a $400,000.00 business loan which was conditioned upon an assignment of life and disability insurance. Mr. and Mrs. King were sent to the office of appellee Brasington by the loan officer who had worked out the terms of their loan. The policies were kept at the bank and the premiums paid by automatic withdrawal from Mr. King's account. When Mrs. King died, Mr. King discovered that no insurance had been written on her life.

In his capacity as administrator of her estate, he sued the partners in the insurance agency and the agent, Brasington, for negligent failure to procure insurance. The other defendants were dismissed prior to trial and the case went to a jury trial. The jury was charged as to negligent failure to procure insurance, breach of contract, and misrepresentation that insurance has been procured when no policy has been issued. The jury was also charged on the duty of the insured to examine and reject a policy not providing correct coverage. The jury found for plaintiff. The Court of Appeals reversed, finding that the trial court erred in failing to grant Brasington's motion for a judgment notwithstanding the verdict. The Court of Appeals held that as a matter of law the insured's duty to reject a policy providing insufficient coverage precluded King's recovery. *Brasington v. King,* 167 Ga. App. 536 (307 SE2d 16) (1983). We granted certiorari and affirm.

King acknowledges the general rule to be that an insured has a

duty to examine and reject a policy providing incorrect or insufficient coverage but he insists this does not apply in the present case because of alleged fraud or misrepresentation on the part of Brasington. He further contends that even if fraud or misrepresentation was not present, the duty to examine did not apply because there was no policy at all on Mrs. King's life.

1. Where an agent intentionally misrepresents the existence of coverage or the extent of coverage an action in tort will lie and the insured's claim may not be defeated by his failure to examine and reject the policy. Cf. *Clark v. Kelly,* 217 Ga. 449 (122 SE2d 731) (1961); *Anderson v. Redwal Music Co.,* 122 Ga. App. 247 (176 SE2d 645) (1970). In order for this verdict to stand there must be some evidence of fraud or misrepresentation on the part of Brasington. Our review of the record reveals no evidence of fraud or misrepresentation on the part of Brasington which supports the verdict. Even if the jury chose only to believe Mr. King as to what transpired between the Kings and Brasington, the evidence shows only misunderstanding or at the most negligence rather than fraud or misrepresentation. The record contains evidence that there may have been some discussion of joint life insurance, but there is no evidence of any misrepresentation on the part of Brasington in connection with this. A letter from the bank to the Kings, a copy of which was found in Brasington's file, is heavily relied upon by King as evidence of Brasington's knowledge that the Kings desired life insurance for both Mr. King and Mrs. King. However, the letter indicates only that an assignment of disability and life insurance was a condition of the loan. It is not clear whose life was to be insured. King concedes that the only disability policy contemplated was his. The loan officer who arranged the loan testified that he never indicated to Brasington that the bank required life insurance on Mrs. King and that in his opinion the only insurance required was disability insurance and life insurance on Mr. King's life. Mrs. King never signed any application for life insurance. Only Mr. King applied. Further, only Mr. King signed the assignment of the life and disability policies to the bank.

2. King argues that the duty to examine and reject an incorrect policy does not apply in case of failure to procure any policy at all. We do not reach that question because, as King's own testimony reveals, he contemplated that the policy would be a joint policy covering the lives of both the Kings.

The testimony of King in regard to whether he anticipated a joint life policy or two separate policies is contradictory. In *Western & Atlantic R. Co. v. Evans,* 96 Ga. 481 (23 SE 494) (1895), we held that where the testimony of a plaintiff who was the sole witness as to vitally important facts was inconsistent and self-contradictory, the

verdict in the plaintiff's favor was unwarranted. We have more recently held in *Combs v. Adair Mortgage Co.,* 245 Ga. 296 (264 SE2d 226) (1980), that where a party responding to a motion for summary judgment is intentionally self-contradictory, the more favorable portion of his testimony will be disregarded. It has been suggested that our holding in *Combs v. Adair Mortgage Co.,* supra, is in conflict with *Western & Atlantic R. Co. v. Evans,* supra. See specially concurring opinion of Birdsong, J., *Combs v. Adair Mortgage Co.,* 155 Ga. App. 432 (270 SE2d 828) (1980).

In *Combs,* supra, we were called upon to reconcile the cases of *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971), with *Chambers v. Citizens &c. Nat. Bank,* 242 Ga. 498 (249 SE2d 214) (1978). In our holding we recognized the heavy burden placed upon a movant for summary judgment to show the absence of any issue of material fact. *Burnette Ford, Inc. v. Hayes,* supra. We found, however, that even though the presence of any issue of fact will defeat a motion for summary judgment, such an issue cannot be created by a respondent's intentionally contradictory evidence. The requirement that only intentionally contradictory evidence will be construed against the respondent is necessary since normally the evidence is construed most strictly against the movant on motion for summary judgment. It is otherwise at trial, and in the absence of other testimony a plaintiff whose testimony as to vital facts is contradictory has not carried his burden of establishing a prima facie case and may not prevail on the basis of such contradictory testimony.

Therefore, if there were a failure of coverage, it was in the failure of the existing life insurance policy to cover Mrs. King's life as well as Mr. King's life. This brings the case directly within the line of cases on duty to reject relied upon by the Court of Appeals. See *Hodges v. Mayes,* 240 Ga. 643 (242 SE2d 160) (1978); *Johnson v. White,* 120 Ga. 1010 (48 SE 426) (1904); *Ethridge v. Associated Mutuals, Inc.,* 160 Ga. App. 687 (288 SE2d 58) (1981); *Barnes v. Mangham,* 153 Ga. App. 540 (265 SE2d 867) (1980); *Ga. Mutual Ins. Co. v. Meadors,* 138 Ga. App. 486 (226 SE2d 318) (1976).

King also argues that the fact that no policy was delivered to Mr. King brings this case within *Allstate Ins. Co. v. Reynolds,* 138 Ga. App. 582 (227 SE2d 77) (1976), in which the Court of Appeals found there was no duty to examine a policy which was not delivered until after the loss occurred. The present case differs from *Allstate Ins. Co. v. Reynolds* in that the policy in question was delivered to the bank to which it had been assigned. There was testimony that Mr. King knew that the policy was at the bank and that he could have examined it there.

*Judgment affirmed. All the Justices concur, except Weltner, J., who concurs in the judgment only and Smith, J., who dissents.*

DECIDED FEBRUARY 9, 1984.

Jones, Solomon & Boatright, M. Theodore Solomon II, Sibley & Sibley, John A. Sibley III, John R. Thigpen, Jr., for appellant.

Hurt, Richardson, Garner, Todd & Cadenhead, Frederick N. Gleaton, Edwin L. Hoffman, Dillard & Landers, Terry A. Dillard, for appellee.