## 67893. BRONESKY v. ESTECH, INC.

SOGNIER, Judge.

James Bronesky sued Estech, Inc. to recover for personal injuries received in a fall on Estech's premises. The trial court granted Estech's motion for summary judgment and Bronesky appeals.

1. Appellant contends that the trial court erred by granting summary judgment in favor of Estech based upon its determination that Bronesky was a mere licensee at the time he was injured. The evidence, construed most favorably to appellant as the party opposing the motion for summary judgment, *Atkins v. Tri-Cities Steel*, 166 Ga. App. 349, 351 (304 SE2d 409) (1983), discloses the following facts: Appellant, a truck driver, spent the night in his truck cab on appellee's premises, awaiting morning when he could deliver his load to appellee. The next morning, appellant saw a person he assumed to be appellee's employee and alighted from his truck to inquire where he should unload. The man told appellant he would talk with him after he finished washing a truck, and told appellant to move out of the way so appellant would not get wet. Appellant then walked to a loading ramp approximately 100 feet away "because it was wet and muddy there and in the area, so I figured to get out of the way, I'd walk up where it was dry and that's where I got up on the ramp." The ramp, which was constructed of railroad ties and on an incline, had not been used for five or six years, and was wet from the previous night's rain. Appellant walked to the top of the ramp and started back down when the man finished washing the truck. As he was descending the ramp, appellant slipped and fell, injuring his knee.

Appellant contends that his injury was due to appellee's negligent failure to keep the premises safe in that appellee maintained a slippery and dangerous loading ramp and failed to warn of this condition.

"A person is an invitee when he enters the premises for a purpose which is connected with the business conducted on the premises. The duty to keep the premises safe for invitees extends to all portions of the premises which are included within the invitation and which it is necessary or convenient for the invitee to visit or use in the course of the business for which the invitation was extended, and to which he is allowed to go. [Cit.]" *Chambers v. Peacock Constr. Co.*, 115 Ga. App. 670, 675 (3) (155 SE2d 704) (1967), aff'd 223 Ga. 515 (156 SE2d 348) (1967). However, "an invitee who leaves such places for others on the premises not included in the invitation and disconnected with the ob-

jects of the invitation is, as to such parts of the premises, a mere licensee. [Cit.]" *Augusta Amusements v. Powell,* 93 Ga. App. 752, 756 (92 SE2d 720) (1956).

" 'The general test as to whether a person is an invitee or a licensee is whether the injured person at the time of the injury had present business relations with the owner [or occupant] of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience. . . . In the absence of some relation which inures to the benefit of the two, or to that of the owner, no invitation may be implied, and the injured person must be regarded as a licensee. [Cits.]' [Cit.]" *Higginbotham v. Winborn,* 135 Ga. App. 753, 755 (218 SE2d 917) (1975).

Appellant entered upon appellee's premises as an invitee. However, there is no evidence giving rise to any express or implied invitation from appellee to appellant to climb the ramp. See *Venable v. Langford,* 116 Ga. App. 257, 260 (157 SE2d 34) (1967). Instead, the evidence shows only that appellant walked over to and ascended the ramp for his own purposes — to wait in a dry place — and that he did this for his own convenience. In contrast with *Chambers,* supra, where the plaintiff was injured after entering a building to locate the construction superintendent, report delivery, and take new orders, there is no evidence here that appellant's use of the ramp was in any way in furtherance of the mutual business and interest of appellant and appellee. *Chambers,* supra at 676. See *Crosby v. Savannah Elec. &c. Co.,* 114 Ga. App. 193, 196-197 (150 SE2d 563) (1966); *Smith v. Jewell Cotton Mill Co.,* 29 Ga. App. 461 (2) (116 SE 17) (1922). Compare *Coffer v. Bradshaw,* 46 Ga. App. 143, 149 (167 SE 119) (1932).

It may be inferred that the man washing the truck was appellee's employee and that he knew of appellant's presence on the ramp. An owner or occupant of property owes a duty to a licensee whose presence is known to him to exercise ordinary care to avoid injuring him. *Atlanta Funtown v. Crouch,* 114 Ga. App. 702, 705 (152 SE2d 583) (1966). However, this duty does not arise with respect to a mere statical condition of the premises. *Handiboe v. McCarthy,* 114 Ga. App. 541 (151 SE2d 905) (1966). As to such condition, the owner or occupant owes no greater duty to the licensee whose presence is known than to any other licensee, and this is not to wilfully or wantonly injure him. Id.; *Henderson v. Baird,* 100 Ga. App. 627, 632 (1) (112 SE2d 221) (1959); *Leach v. Inman,* 63 Ga. App. 790 (2) (12 SE2d 103) (1940). See also *Higginbotham,* supra at 756. Further, there is no duty to a licensee with respect to keeping the usual condition of the premises up to any particular standard of safety except that they must not contain a pitfall or mantrap. *Leach,* supra at 792-793.

There was no evidence that appellant's injury was occasioned by wilful or wanton negligence on the part of appellee, and appellee was

entitled to judgment as a matter of law. The trial court did not err in granting summary judgment in favor of appellee. See *Higginbotham*, supra at 757; *Benson v. Action Elec. Co.*, 131 Ga. App. 623 (206 SE2d 647) (1974).

2. The issues raised in the remaining enumeration of error are encompassed in our ruling in Division 1, above.

*Judgment affirmed. Deen, P. J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED APRIL 24, 1984.

*Danny S. Shepard*, for appellant.
*Mark A. Gonnerman*, for appellee.