## 69750. SIMONE v. HANCOCK TEXTILE COMPANY, INC. et al.

(332 SE2d 669)

SOGNIER, Judge.

Virginia Simone brought this action against Hancock Textile Company d/b/a Hancock Fabrics (Hancock) to recover damages for personal injuries received in a fall in one of Hancock's stores. The trial court granted Hancock's motion for summary judgment. Simone

appeals.

While shopping at appellee's store, appellant stepped onto a platform area raised approximately six inches and extending across the back of the store. In attempting to get the attention of a sales clerk to assist her in reaching the item she wanted, appellant backed up, turned around and fell off the platform, breaking her wrist.

1. Appellant contends the trial court erred by granting summary judgment in favor of appellee because the platform constituted a hazard and because questions of fact exist whether appellee was negligent in failing to post warning signs leading up to the platform. "The mere existence or maintenance of a difference in floor levels or of steps in a business building does not constitute negligence. [Cits.] In this case, the step-down at the entrance of appellee's premises was obvious, and the evidence shows that there was adequate lighting at the time of the injury. Moreover, appellant had successfully negotiated the condition upon entering the store. The failure to place a warning sign over the door cannot be considered actionable negligence because there is no duty to warn of an open and obvious condition. [Cits.]" *Cook v. Delite Beauty Supply*, 165 Ga. App. 859, 860 (2) (303 SE2d 40) (1983); *Lane v. Maxwell Bros. & Asbill*, 136 Ga. App. 712 (222 SE2d 184) (1975); *Rich's, Inc. v. Waters*, 129 Ga. App. 305 (199 SE2d 623) (1973).

Appellant admitted that the platform was well lit and that she had successfully stepped up to the elevated area a few minutes before her fall. Under these facts, the platform was obvious and there was no duty to warn of its existence. *Cook*, supra; *Lane*, supra; *Rich's*, supra. Therefore, we find no error by the trial court in granting appellee's motion for summary judgment on these issues.

2. Appellant contends the trial court erred by granting summary judgment to appellee because questions of fact exist whether appellee created a distraction proximately causing her injuries by placing boxes on the platform.

"A thorough analysis of the 'distraction' theory is found in *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 378 (124 SE2d 688) which explains: 'The doctrine that a plaintiff may be excused from the otherwise required degree of care because of circumstances creating an emergency situation of peril is well recognized . . . The doctrine is further broadened to cover situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care should have anticipated that the distraction would occur.'

"The *Redding* case, 105 Ga. App. 375, supra, delineates between those cases which allow recovery where there is a distraction and those which deny recovery. It was there held: 'One valid line of dis-

tinction existing in the so-called "distraction" cases concerns the cause of the distraction. Where the distraction is *self-induced* the plaintiff can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence. Where the distraction comes from without, and is of such nature as naturally to divert the plaintiff, and also of such nature that the defendant might naturally have anticipated it, the result is different.' (Pp. 378, 379). [Cits.]" (Emphasis supplied.) *Stenhouse v. Winn-Dixie Stores*, 147 Ga. App. 473, 475 (249 SE2d 276) (1978). See *Lane v. Maxwell Bros. & Asbill*, supra.

Appellant testified in her deposition that had she been looking where she was going she would have seen the step-down off the platform. Instead, because her entire attention was directed toward the sales clerk, "being on the platform was not in my [appellant's] mind anymore . . . There was only one thing on my mind, in order to reach — get the salesgirl in order to be able to get the trimming that I needed. That's all in — that was the only thing on my mind." Thus, in her deposition appellant attributed her fall to the fact that she was concentrating on attracting the sales clerk's attention rather than on looking where she was going, a self-induced distraction. However, in her later affidavit, appellant attributed her fall to the fact that she was required to negotiate her way through boxes and was thus distracted from seeing the edge of the platform, a distraction which was not self-induced but which "came from without." In that later affidavit she stated that "[my] attention was diverted away from the edge of the platform to safely negotiating my way thru [sic] the boxes in order to get some assistance from the sales personnel."

Although we construe the evidence most favorably to appellant as the party opposing the motion for summary judgment, *Bronesky v. Estech, Inc.*, 170 Ga. App. 724 (1) (318 SE2d 194) (1984), "where there is a direct contradiction in the testimony of the respondent as to a material issue of fact, that party's unfavorable testimony will be taken against him." *Cook*, supra at 860 (1); *Henson v. Atlanta Cas. Co.*, 169 Ga. App. 754, 755 (315 SE2d 268) (1984). Appellant argues that the language she used in her two accounts of the fall are not direct mirror opposites (not "red light — green light" contradictions); nevertheless, the necessary import of appellant's words, attributing two entirely different causes to her fall, is that a "red light — green light" contradiction exists. Appellant's testimony in her deposition that it was her internal preoccupation with attracting a sales clerk's attention which caused her fall, as opposed to her affidavit testimony that appellees' boxes were the external distraction which caused her fall, constitute direct and material contradictory statements regarding the existence of any distraction created by appellee. See *Cook*, supra at 860 (1). Therefore, the trial court was authorized to disregard the

affidavit. Id.; *Henson,* supra.

Because the record is devoid of any evidence of appellee's negligence, no question of law or fact remains and the trial court properly granted summary judgment to appellee.

*Judgment affirmed. Banke, C. J., Deen, P. J., McMurray, P. J., and Birdsong, P. J., concur. Carley, Pope, Benham and Beasley, JJ., dissent.*

CARLEY, Judge, dissenting.

I respectfully disagree with the majority's application to this case of *Cook v. Delite Beauty Supply,* 165 Ga. App. 859 (303 SE2d 40) (1983) and the majority's resulting conclusion that "the trial court was authorized to disregard the affidavit" of appellant. (Majority opinion, p. 193.) *Cook* was based upon the Supreme Court case of *Tri-Cities Hosp. Auth. v. Sheats,* 247 Ga. 713 (279 SE2d 210) (1981). In *Cook,* this court recognized that in *Tri-Cities Hosp. Auth.,* "the Supreme Court has recently ruled that where there is a direct contradiction in the testimony of the respondent as to a material issue of fact, that party's unfavorable testimony will be taken against him. [Cits.]" *Cook v. Delite Beauty Supply,* supra, 860. In *Cook* there *was* a "direct" contradiction in the testimony of the plaintiff because, in her deposition, she "testified that she had not been talking to anyone *and that nothing had distracted her as she exited the store.*" (Emphasis supplied.) *Cook v. Delite Beauty Supply,* supra, 859. However, in her affidavit, the *Cook* plaintiff stated that the sales clerk diverted her attention "causing her to look up to respond and thus to fail to notice the precipice." *Cook v. Delite Beauty Supply,* supra, 860. Thus, in *Cook,* the plaintiff's affidavit was correctly disregarded in accordance with *Tri-Cities Hosp. Auth.*

In this case, there is no direct contradiction in that while the distraction was not specifically mentioned in appellant's deposition, there was no unequivocal statement in the deposition that she had not been distracted. In clarifying the earlier confusion with regard to the rule to be applied on summary judgment, the Supreme Court in *Tri-Cities Hosp. Auth.* reiterated that "[t]he rule to be applied on motion for summary judgment when the movant would not have the burden of proof at trial was announced by this court in *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971). *Burnette* held that all evidence adduced on a motion for summary judgment, including the testimony of the party opposing the motion, was to be construed more strongly against the movant." *Tri-Cities Hosp. Auth. v. Sheats,* supra. The Supreme Court in *Tri-Cities Hosp. Auth.* then cited *Combs v. Adair Mtg. Co.,* 245 Ga. 296 (264 SE2d 226) (1980) wherein that court had "concluded that the rule enunciated in *Burnette* remained in effect and that our holding in *Chambers* [*v. C & S*

*Nat. Bank*, 242 Ga. 498 (249 SE2d 214) (1978)] came about as a result of factual differences. The two cases were compatible on that basis." *Tri-Cities Hosp. Auth. v. Sheats*, supra, 714. In order to clearly set forth the correct rule, the Supreme Court then held in unequivocal terms as follows: "We take the opportunity today to reiterate that *Burnette* is the predominant rule and *only* in cases where there is a *direct contradiction* in the testimony of the respondent as to a material issue of fact will that party's unfavorable testimony be taken against him." (Emphasis supplied.) *Tri-Cities Hosp. Auth. v. Sheats*, supra, 714. See also *King v. Brasington*, 252 Ga. 109 (312 SE2d 111) (1984).

In the instant case, there was no direct contradiction in the testimony of appellant, the *Burnette* rule applies, and the evidence must be construed more strongly against the appellee. Therefore, I believe that the trial court erred in disregarding appellant's affidavit.

In her affidavit, appellant stated: "I then looked for a salesgirl to help me. I was still on the platform at this time, with boxes on the floor on either side of me. . . . I saw a salesgirl, and when stepping forward to gain her attention while signaling with my right hand, I fell off the platform. . . . My attention was diverted away from the edge of the platform to safely negotiating my way thru the boxes in order to get some assistance from the sales personnel."

"[I]ssues of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection are ordinarily for the jury [cit.] and are usually incapable of summary adjudication and should be resolved by trial. [Cit.] Whether the invitee customer might have discovered the [distraction] *and* avoided the injury to [herself] by the exercise of ordinary care, must be determined in the light of all the attendant circumstances [cit.], and is a question for the jury. [Cit.]" (Emphasis supplied.) *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427, 430 (263 SE2d 171) (1979).

Considering the entire record before the court at the time of the grant of summary judgment, I do not believe that we can "say under these circumstances that a conclusion, as a matter of law, is demanded that the plaintiff should have had a full appreciation of the danger, and that in the exercise of ordinary care she should have avoided the injury to herself. This . . . is a question for the jury." *Firestone Service Stores v. Gillen*, 58 Ga. App. 782, 787 (199 SE 853) (1938).

I believe that genuine issues of material fact remain and that the trial court erred in granting summary judgment. Accordingly, I respectfully dissent.

I am authorized to state that Judge Pope, Judge Benham and Judge Beasley join in this dissent.

196

DECIDED JUNE 5, 1985 —
REHEARING DENIED JUNE 24, 1985.

*Clifton O. Bailey III, L. Paul Cobb, Jr.,* for appellant.
*Jeffrey S. Gilbert, Bryan Dorsey,* for appellees.