70325. ZELLMAN v. PEACHTREE WORLD OF TENNIS.
(335 SE2d 143)

SOGNIER, Judge.

Martin L. Zellman brought this action against Peachtree World of Tennis (Peachtree World) to recover damages for personal injuries received in a fall in Peachtree World's dining room. The trial judge granted Peachtree World's motion for summary judgment. Zellman appeals.

Appellant was seated in a booth on a raised platform while having lunch in appellee's dining room. As he left the booth, appellant fell off the platform and fractured his leg.

Appellant contends the trial judge erred by granting summary judgment in favor of appellee because a question of fact remains as to whether appellant's knowledge of the allegedly defective conditions causing the fall was equal to or greater than that of appellee. We agree.

In his affidavit appellant attributed his fall to two causes: (1) the instability of the seat in which he was sitting which caused him to be thrown off balance when he rose to leave, and (2) the slipperiness of the carpet at the edge of the platform where the booth was situated which caused him to slip when he stepped down. Appellee sought summary judgment on the ground that there was no question of fact that appellant was aware of the alleged defects which caused his fall. See *Simone v. Hancock Textile Co.*, 175 Ga. App. 191 (332 SE2d 669) (1985). However, appellant negated appellee's allegations of his prior knowledge in his further affidavit testimony that he had entered the booth by sitting on the seat, swivelling his body and putting his legs under the table, without stepping on the carpet at the edge of the platform. Also, although appellant had been seated in the booth approximately an hour during his lunch, there is no evidence in the record that appellant was aware of the alleged instability of the seat before he rose to leave. Appellee failed to present any evidence which denied the existence of the alleged defects in the seat and the carpeting or which rebutted appellant's alleged lack of knowledge of these defects. Therefore, construing the evidence, as we must, most favorably to appellant as the party opposing the motion for summary judg-

ment, *Bronesky v. Estech, Inc.*, 170 Ga. App. 724 (1) (318 SE2d 194) (1984), the trial court erred by granting summary judgment to appellee because questions of fact remain as to whether appellant had knowledge before his fall of the instability of his seat or of the slippery carpet at the edge of the platform which allegedly caused his fall. See *Dillon v. Grand Union Co.*, 167 Ga. App. 381, 383 (3) (306 SE2d 670) (1983); *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 296-297 (322 SE2d 737) (1984).

We find no merit in appellee's additional argument, based upon *Tri-Cities Hosp. Auth. v. Sheats*, 247 Ga. 713 (279 SE2d 210) (1981), that appellant's affidavit testimony must be disregarded because it directly contradicts his deposition testimony. In his deposition appellant was never asked the details of how he fell but merely volunteered that he had slipped off the edge of the platform as he left the booth. This testimony is not inconsistent with appellant's statement in his affidavit that the slippery carpet and unstable seat contributed to his fall. Compare *Simone*, supra; *Cook v. Delite Beauty Supply*, 165 Ga. App. 859, 860 (1) (303 SE2d 40) (1983).

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 12, 1985.

*Kenneth C. Pollock*, for appellant.
*Elaine W. Whitehurst, John E. Hall, Jr.*, for appellee.