### 70551. CHARLES ROSSIGNOL, INC. et al. v. PROPHECY CORPORATION.
(339 SE2d 288)

CARLEY, Judge.

Charles Rossignol and Charles Rossignol, Inc. brought suit against Prophecy Corporation seeking to recover money allegedly due as compensation under a contract executed between the two corporations. Prophecy answered, raising accord and satisfaction as a defense. The trial court granted Prophecy's motion for summary judgment. Rossignol and Charles Rossignol, Inc. appeal.

Appellee, a manufacturer of women's clothing, employed appel-

lants to represent its line of merchandise in the southeast. After the termination of appellants' employment with appellee, they received a check representing the final payment for all commissions earned during the previous quarter. The check was accompanied by documentation of deductions. Appellants disagreed with some of the deductions taken and contacted appellee's president to voice that disagreement. Compare *Sunbelt Life Ins. Co. v. Bank of Alapaha*, 176 Ga. App. 628 (337 SE2d 410) (1985). At some point during the course of their discussions, Rossignol endorsed and deposited the check, sending appellee written notice that it was accepting the check as partial payment of the amount due.

Appellants contend that the trial court erred by granting summary judgment to appellee because questions of fact exist as to whether there was a meeting of the minds between the parties resulting in an accord and satisfaction. OCGA §§ 13-4-101; 13-4-103 (b). Appellants contend that telephone conversations between appellants and appellee indicate that there existed an understanding by all parties that the check did *not* represent full and final payment of the debt, which was to be further discussed, and that, therefore, appellants' depositing of the check did not constitute an accord and satisfaction of the debt. Rossignol originally testified in a deposition that he did not know what the time sequence of the communications between the parties was, but he also implied that the negotiation of the check preceded the agreement of the parties to discuss the matter further. Later, in response to appellee's motion for summary judgment, he submitted an affidavit stating that "[s]ince my deposition I have reviewed my notes and records and otherwise refreshed my recollection and I now know" that the crucial conversation occurred prior to the check deposit.

The trial court found that the affidavit contradicted the deposition, and that the contradiction was deliberate and intentional, but held that even had it not been deliberate and intentional, appellants were bound by their version of the incident that was least favorable to their case. For this proposition the trial court relied primarily on *Cook v. Delite Beauty Supply*, 165 Ga. App. 859, 860 (303 SE2d 40) (1983) and *Tri-Cities Hosp. Auth. v. Sheats*, 247 Ga. 713 (279 SE2d 210) (1981). As indicated by the trial court, this court in *Cook* did construe the Supreme Court's decision in *Tri-Cities Hosp. Auth.* as being "a modification of the previous rule, set forth in *Chambers v. C & S Nat. Bank*, 242 Ga. 498 (249 SE2d 214) (1978), to the effect that a respondent's testimony will be construed against him only where the contradiction is deliberate or intentional." *Cook v. Delite Beauty Supply*, supra, 860. The Supreme Court, however, has held otherwise, squarely addressing this issue in *King v. Brasington*, 252 Ga. 109 (312 SE2d 111) (1984). "In *Combs* [*v. Adair Mortgage Co.*,

245 Ga. 296 (264 SE2d 226) (1980)] we were called upon to reconcile the cases of *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551 (181 SE2d 866) (1971), with *Chambers v. Citizens &c. Nat. Bank*, 242 Ga. 498 (249 SE2d 214) (1978). In our holding we recognized the heavy burden placed upon a movant for summary judgment to show the absence of any issue of material fact. *Burnette Ford, Inc. v. Hayes*, supra. We found, however, that even though the presence of any issue of fact will defeat a motion for summary judgment, such an issue cannot be created by a respondent's intentionally contradictory evidence. *The requirement that only intentionally contradictory evidence will be construed against the respondent is necessary since normally the evidence is construed most strictly against the movant on motion for summary judgment.* It is otherwise at trial, and in the absence of other testimony a plaintiff whose testimony as to vital facts is contradictory has not carried his burden of establishing a prima facie case and may not prevail on the basis of such contradictory testimony." (Emphasis supplied.) *King v. Brasington*, supra, 111. Since *King* is the latest expression of the Supreme Court on the issue now before us, it is absolutely binding upon us. *Hall v. Hopper*, 234 Ga. 625 (216 SE2d 839) (1975). In light of the Supreme Court's decision in *King*, supra, our analysis of *Tri-Cities Hosp. Auth.* was erroneous. Accordingly, to the extent that the language in Division 1 of *Cook* is inconsistent with the holding of the Supreme Court in *King*, *Cook* and such other decisions of this court as follow the rationale of *Cook* must be overruled.

Applying the rule of *King v. Brasington* to the facts of this case, it is clear that the trial court erred in finding an *intentional* conflict between Rossignol's deposition testimony and his later explanatory affidavit statement to the effect that he deposited the check *after* being told in a telephone conversation that appellee's agent agreed to consider and discuss further the deductions under consideration. In his deposition, Rossignol merely did not remember the time sequence. It was only in his affidavit, given after he had reviewed his notes and records, that he gave a definite answer as to the time sequence. Even assuming that this evinced a "conflict," it does not, in our opinion, rise to the level of an "intentional" one so as to authorize the trial court, rather than the jury, to resolve the issue in favor of appellee and against appellant. As a genuine issue of material fact remains regarding whether, at the time the check was accepted, appellee intended to make full payment, the trial court erred in granting summary judgment to appellee.

*Judgment reversed. Deen, P. J., McMurray, P. J., Pope, Benham and Beasley, JJ., concur. Banke, C. J., Birdsong, P. J., and Sognier, J., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent. Appellant Rossignol stated in his deposition that he deposited appellee's check before he made the "emotional night call" in which appellee's agent allegedly agreed to reconsider the amount due, thus admitting an accord and satisfaction of the debt. After appellee moved for summary judgment on the basis of that deposition, appellant filed his affidavit stating that after he "reviewed [his] notes and records" he remembered that the crucial telephone call took place *before* he deposited the check and thus no accord and satisfaction occurred. This is a direct contradiction of a material fact and under the rule announced in *Tri-Cities Hosp. Auth. v. Sheats*, 247 Ga. 713 (279 SE2d 210) (1981), where there is a direct contradiction in the testimony of the respondent as to a material issue of fact, that party's unfavorable testimony will be taken against him. Id. at 714.

The summary judgment language in *King v. Brasington*, 252 Ga. 109 (312 SE2d 111) (1984), cited by the majority, is dicta because it was not at all necessary to the *King* decision, which revolved around contradictory *trial* testimony given by the plaintiff. Thus, it is not controlling authority. See *State Hwy. Dept. v. Cooper*, 104 Ga. App. 130, 136 (121 SE2d 258) (1961); *Rider v. State*, 103 Ga. App. 184, 185 (2) (118 SE2d 749) (1961). The dicta was included in *King*, supra at 111, because *"[i]t has been suggested* that our holding in *Combs v. Adair Mortgage Co.*, [245 Ga. 296 (264 SE2d 226) (1980)], is in conflict with *Western & Atlantic R. Co. v. Evans*, [96 Ga. 481 (23 SE 494) (1895)]." (Emphasis supplied.) As noted by the Supreme Court, no such conflict exists between these cases: *Combs* was written in response to a certified question from this court to reconcile the "deliberate or intentional" rule in *Chambers v. C & S Nat. Bank*, 242 Ga. 498 (249 SE2d 214) (1978) (which was based on language in *Western & Atlantic R. Co.*, supra at 486) with the general rule as to the movant's burden on summary judgment set forth in *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551 (181 SE2d 866) (1971). The Supreme Court subsequently moved away from the "deliberate or intentional" rule of *Chambers*, supra, in the *Tri-Cities Hosp. Auth.* opinion, where the Supreme Court corrected this court's interpretation of *Chambers*, stating that in *Chambers* "we held that when self-contradictory statements were made by a party in opposition to a motion for summary judgment, the trial court would be authorized to take that portion of the testimony more unfavorable to the respondent into consideration in making a decision." *Tri-Cities Hosp. Auth.*, supra at 714. After reiterating the validity of the rule in *Burnette*, supra, the Supreme Court proceeded clearly to set forth the "direct contradiction" rule.

The significance of the Supreme Court's decision in *Tri-Cities Hosp. Auth.* was recognized by this court in *Cook v. Delite Beauty*

*Supply*, 165 Ga. App. 859, 860 (1) (303 SE2d 40) (1983), where we commented, "[T]he Supreme Court has recently ruled that where there is a direct contradiction in the testimony of the respondent as to a material issue of fact, that party's unfavorable testimony will be taken against him. *Tri-Cities Hosp. Auth. v. Sheats*, 247 Ga. 713 (279 SE2d 210) (1981). *This is a modification of the previous rule, set forth in Chambers v. C & S Nat. Bank, 242 Ga. 498 (249 SE2d 214) (1978), to the effect that a respondent's testimony will be construed against him only where the contradiction is deliberate or intentional.*" (Emphasis supplied.) The propriety of *Cook's* interpretation of *Tri-Cities Hosp. Auth.* has been acknowledged subsequently by several panels of this court in cases such as *Henson v. Atlanta Cas. Co.*, 169 Ga. App. 754, 755 (315 SE2d 268) (1984) and *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 598 (3) (327 SE2d 736) (1985). The majority, however, would overrule *Cook*, supra, on the basis that *King*, supra, has sub silentio replaced the "direct contradiction" rule announced in *Tri-Cities Hosp. Auth.*, supra, with the earlier "deliberate or intentional" rule of *Chambers*, supra. Considering that the language in *King* relied upon by the majority was obiter dicta and, understandably, did not fully explore the issue now before us (as shown by the absence of any citation to *Tri-Cities Hosp. Auth.* or any reference either explaining or overruling the "direct contradiction" rule set forth in that case), I cannot agree with the majority's conclusion that *King* is controlling authority here.

It follows that I do not agree with the majority's conclusion that questions of fact were raised by appellant's affidavit claiming he "inadvertently" rather than "intentionally or deliberately" deposed himself out of court. In view of the direct contradiction between appellant's statements on this material issue, I would follow the standard set forth in *Tri-Cities Hosp. Auth.*, supra, and would allow the trial court to disregard the more favorable part of appellant's testimony. I would not overrule this court's opinion in *Cook*, supra, but rather would affirm the trial court's grant of summary judgment to appellee.

I am authorized to state that Chief Judge Banke and Presiding Judge Birdsong join in this dissent.

DECIDED NOVEMBER 20, 1985 —
REHEARING DENIED DECEMBER 17, 1985 —

*Gene A. Major, Suzanne Wynn*, for appellants.
*Edwin L. Hoffman*, for appellee.