## A94A0253. WILSON v. DUNCAN et al.
### (440 SE2d 550)

BLACKBURN, Judge.

We granted this interlocutory appeal to review the trial court's denial of appellant's motion for summary judgment.

Appellees Marybel Duncan (Duncan) and her husband brought the underlying action to recover damages for injuries Marybel Duncan sustained[1] when she fell in a hair-styling business operated by appellant Debra Wilson (Wilson) d/b/a The Hair Station. Duncan entered The Hair Station through a rear entrance that was normally used for employees. Once inside The Hair Station, Duncan fell when descending a single step, which created a level change near the back of the shop. Duncan is unaware why or how she fell; she deposed that she did not stumble or trip over anything. Duncan deposed: "I think I fell when my foot went down to take the step, but I'm not exactly sure." Duncan further deposed that there was nothing in the area where she fell except carpet and the step. Duncan's grandson averred that the carpet changed color at the step; red carpet on the top of the step and white carpet on the lower level. Duncan's granddaughter averred that Wilson placed two signs warning customers to watch their step at the rear entrance, prior to her grandmother's fall.

It has long been the position of this court that "[t]he mere existence or maintenance of a difference in floor levels or of steps in a business building does not constitute negligence. *Lane v. Maxwell Bros. & Asbill*, 136 Ga. App. 712 (222 SE2d 184) (1975); *Cash & Save Drugs v. Drew*, 124 Ga. App. 721 (185 SE2d 786) (1971)." *Cook v. Delite Beauty Supply*, 165 Ga. App. 859, 860 (2) (303 SE2d 40) (1983), rev'd on other grounds sub nom. *Charles Rossignol, Inc. v.*

---

[1] Alvis Duncan, Marybel's husband, sought damages for loss of consortium.

*Prophecy Corp.*, 177 Ga. App. 245, 247 (339 SE2d 288) (1985). See also *Simone v. Hancock Textile Co.*, 175 Ga. App. 191, 192 (332 SE2d 669) (1985) and *Lamberson v. Norris*, 135 Ga. App. 647, 649 (218 SE2d 658) (1975).

In the present case, Duncan does not assert any facts upon which Wilson could be found negligent; Duncan does not contend that the area was improperly lit, that the step was obscured from view so that it could not be seen by one who looked at the floor, that the carpet was ripped or torn, or that she was distracted. See *Lamberson*, supra. Duncan has merely shown that she fell in the area of a single step in the back of Wilson's shop. "Proof of nothing more than the occurrence of plaintiff's fall is insufficient to establish defendant's negligence. [Cit.]" *Wilson v . Polk Medical Center*, 200 Ga. App. 538, 539 (408 SE2d 834) (1991). Furthermore, evidence indicating that Wilson was aware that someone else had stumbled over the step is insufficient to prove negligence. " 'The fact that someone had previously fallen on the steps would not create a negligent condition where none had existed before.' [Cit.]" *Lamberson*, 135 Ga. App. at 651. Therefore, the trial court should have granted Wilson's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

Decided February 2, 1994.

*Young, Clyatt, Turner, Thagard & Hoffman, William A. Turner, Jr.*, for appellant.
*Del Percilla, Jr., Long & Denton, Allen D. Denton*, for appellees.