A89A1569. YORGIN et al. v. ADLER et al.
(387 SE2d 14)

McMURRAY, Presiding Judge.

Plaintiffs Debbye Yorgin and Donald Yorgin filed their complaint against five defendants. This appeal is taken from the grant of summary judgment in favor of two defendants, Joel Adler, D.D.S., and Adler & Johnson, P.C.

In regard to the two defendants to whom summary judgment was granted, the complaint alleges that: Plaintiff Debbye Yorgin under-

went a surgical procedure under the direction, care and supervision of defendant Joel Adler, D.D.S., acting both individually and as an agent, officer and employee of Adler & Johnson, P.C. The surgical procedure consisted in part of harvesting a skin graft from the plaintiff Debbye Yorgin's right thigh. Prior to the surgery, plaintiffs were told by defendant Joel Adler, D.D.S., that the area where the skin would be taken from on plaintiff Debbye Yorgin's right thigh would be no larger than a two inch square. *During the course of said surgery defendant Joel Adler, D.D.S., negligently operated the skin grafting machine*, thereby causing an excessive scar and disfigurement to the right thigh of plaintiff Debbye Yorgin in an area from eight to ten inches in length by five to seven inches in width. Plaintiff Debbye Yorgin sought damages for temporary and permanent disfigurement and for pain and suffering from her injuries. Plaintiff Donald Yorgin sought damages for loss of consortium.

In support of their motion for summary judgment, defendants Joel Adler, D.D.S., and Adler & Johnson, P.C., presented the affidavit of Joel Adler, D.D.S., who stated that he was a dentist who limited his practice to oral and maxillofacial surgery, that he is familiar with the standard of care employed by dental surgeons generally and in the diagnosis, care, and treatment of patients exhibiting the same signs and symptoms displayed by plaintiff Debbye Yorgin. The affidavit of Dr. Joel Adler further stated that at all times relevant to his performance of the surgical procedure on plaintiff Debbye Yorgin, he exercised that degree of care and skill which is customarily and ordinarily employed by dentists and oral and maxillofacial surgeons under similar conditions and like surrounding circumstances.

Plaintiffs responded with the affidavit of a medical doctor who stated the opinion *"that the physician exercised the normal standards of care* upon Mrs. Yorgin, but never informed the patient of the possibility of a larger scarring area of the skin graft donor site." (Emphasis supplied.) Plaintiff's expert also opined "that the doctors did not properly inform the patient with enough knowledge for her to make the proper decision as to whether to proceed with the skin graft and facial surgery." *Held*:

Plaintiffs' complaint, insofar as it concerns defendants Joel Adler, D.D.S., and Adler & Johnson, P.C., states a medical malpractice claim predicated on the alleged negligence of defendant Joel Adler, D.D.S. Therefore, since the uncontroverted expert opinion evidence of both defendant Joel Adler, D.D.S., and plaintiffs' expert shows that defendant Joel Adler, D.D.S., had not negligently performed any medical duties, the trial court did not err in granting summary judgment in favor of defendants Joel Adler, D.D.S., and Adler & Johnson, P.C. *Payne v. Golden*, 245 Ga. 784 (267 SE2d 211). While plaintiffs argue that questions remain for the jury in regard to other claims

against defendants Joel Adler, D.D.S., and Adler & Johnson, P.C., plaintiff's complaint cannot be reasonably viewed as raising those additional claims. Defendants Joel Adler, D.D.S., and Adler & Johnson, P.C., having successfully negated an essential element of the sole claim stated against them in plaintiffs' complaint, are entitled to summary judgment. Compare *Corbitt v. Harris*, 182 Ga. App. 81, 83 (354 SE2d 637).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 25, 1989.

*Joseph J. Saia*, for appellants.
*Long, Weinberg, Ansley & Wheeler, Joseph W. Watkins, Ronald R. Coleman, Jr., Marvin A. Devlin*, for appellees.