A91A1145. WILSON v. POLK MEDICAL CENTER.
(408 SE2d 834)

McMURRAY, Presiding Judge.

Plaintiff Wilson's complaint alleges that on or about the 15th day of February 1988, she was exiting the emergency room located at the rear of the defendant Polk Medical Center when she fell at an unmarked step-off located at the exit. Further allegations in plaintiff's complaint state that defendant negligently maintained the premises and was also negligent in failing to post warning signs advising guests of the step-off, and that as a result plaintiff, unaware of said step-off, fell injuring herself. Plaintiff appeals from the grant of summary judgment in favor of defendant. *Held*:

In her deposition, plaintiff testified that as she was leaving the emergency room "this door knocked me [for] a flip, and that's when I fell and broke my foot." Plaintiff also testified that she did not notice anything peculiar about the door and could not tell what it was about the door which caused it to throw her to the ground, but believed simply because she fell that something was wrong with the door.

Plaintiff's affidavit states that "the [emergency room exit] door snapped back quickly due to a defective spring system in the door catching my foot and causing me to fall to the ground." The affidavit also contains plaintiff's statement that immediately after the fall "I observed the spring mechanism on the emergency room exit door and noticed that the door will begin to close as normal and will suddenly and without warning rapidly close due to a defective spring system."

Insofar as plaintiff's complaint states a claim for damages arising from a step-off and plaintiff's evidence shows that her injuries arose from her difficulty with a door, plaintiff has apparently succeeded in piercing her own pleadings for the benefit of defendant. As no claim is stated in plaintiff's complaint for the injury actually received by plaintiff and the sole claim predicated on a step-off has been negated,

defendant may be entitled to summary judgment on this basis alone. *Yorgin v. Adler*, 193 Ga. App. 24, 25-26 (387 SE2d 14).

Nonetheless, we prefer to reach the merits of the case sub judice and therefore predicate our decision on the same theory as stated by the superior court, that the self-contradictory statements made by plaintiff require that we consider the statements more unfavorable to her in reaching our decision. *Tri-Cities Hosp. Auth. v. Sheats*, 247 Ga. 713, 714 (279 SE2d 210). In her deposition, plaintiff could state nothing concerning a defect in the door while in her affidavit she professed to have noticed a defective spring in the door. Under *Tri-Cities* we must conclude that plaintiff's evidence failed to present any material issue of fact concerning a defect in the emergency room door. Since defendant's evidence shows that the doors to the emergency room were functioning properly and is not contradicted by plaintiff's evidence as we view it under *Tri-Cities*, we find that no genuine issue of material fact remains for a jury. Proof of nothing more than the occurrence of plaintiff's fall is insufficient to establish defendant's negligence. *Gross v. Frank's Warehouse Foods*, 192 Ga. App. 539 (385 SE2d 688).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JULY 16, 1991.

*Jack F. Witcher*, for appellant.

*Shaw, Maddox, Graham, Monk & Boling, Jule W. Peek, Jr.*, for appellee.