A89A2071, A89A2072. SAVANNAH BANK & TRUST COMPANY et al. v. WEINER et al.; and vice versa.

(388 SE2d 725)

DEEN, Presiding Judge.

Savannah Bank & Trust Company and Samuel Varnedoe as co-trustees under the will of Hattie V. Saussey brought suit against Aron G. Weiner, as administrator of the estate of Carolyn Lewis, deceased, individually and d/b/a The Newsprint Cafe, alleging that Mrs. Lewis entered into a lease agreement with them and that on July 26, 1983, a fire started in the room above the leased premises, which was caused by the negligent storage of Mrs. Lewis' personal belongings. Appellants sought $17,816.01 in damages. Mrs. Lewis answered, denied the allegations in the complaint, and counterclaimed, alleging that the plaintiffs had a duty to inspect the premises, that they breached their contract by failing to inspect properly, and that they were also negligent in failing to properly maintain the property. She claimed that she suffered $70,000 in damages as a result of their negligence and that this negligence was the proximate cause of her damages.

Both parties moved for summary judgment on the issue of damages. After reviewing the report by the fire inspector, which found that the weather on the day in question was extremely hot, the room was not air-conditioned and poorly ventilated, and that the fire was caused by the refraction of sunlight from stored crystalware onto some adjacent paper or cardboard, which ignited, the trial court held that no reasonable person could have anticipated that a fire would start by spontaneous combustion, and that the defendant was not negligent. The court further found that this same rule applied to the defendant's counterclaim for negligent failure to inspect. The court went on to examine the plaintiffs' claim for damages for breach of contract and found that the plaintiffs might have a claim for lost profits or rents, but not the value of the fire loss. It further held that the only disputed matter in this case is whether or not use of the second-floor room for storage purposes was permitted; the amount of damages that would arise if such use was found to be unauthorized. The court granted the defendant's motion for partial summary judgment on the issue of negligence and found against the defendant on the counterclaim for negligent inspection. Both parties appeal.

1. In Case No. A89A2071, appellants contend that Mrs. Lewis leased the premises at 150 Whitaker Street in Savannah for the operation of a stand-up restaurant and stored her personal effects and other items which had no direct relationship to the restaurant on the second floor of the premises, an area not leased to her and for which she paid no rent. Appellants claim that these items were negligently stored in paper and cardboard, in a tightly packed condition, in close proximity to a window which had direct access to sunlight, and that

the area was unventilated.

Appellee contends that the lease in effect at the time of the fire does not state that it is limited to the first floor of 152 Whitaker Street, that she knew that she had access to the second floor from her restaurant, and that she believed she had permission to use the second floor for storage. She further asserts that the official investigation report attributed the cause of the fire to spontaneous combustion; i.e., the intense heat of the sun on a box of crystalware located near a window.

An accident is "an event which takes place without one's foresight or expectation or design." OCGA § 1-3-3 (2). "Negligence consists of exposing another to whom one owes a duty, or exposing oneself, to a foreseeable unreasonable probability of harm . . . [W]hat the reasonably prudent person would . . . have foreseen as likely to happen . . . is the key to the question of reasonableness. [Cit.] 'Negligence is predicated on faulty or defective foresight rather than on hindsight which reveals a mistake.' [Cits.]" *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 238 (227 SE2d 336) (1976). A party is required only to foresee and guard against that which can be reasonably anticipated to happen, not against that which is only remotely and slightly possible. *Eckerd-Walton v. Adams*, 126 Ga. App. 210, 213 (190 SE2d 490) (1972).

In his deposition, Chief McLendon explained how the fire occurred and that spontaneous combustion was a very rare occurrence, but that it could occur even in a cool house. He did not think that there was anything Mrs. Lewis could have done to foresee the fire. We therefore find no error in the trial court's ruling that the incident in question was unforeseeable as a matter of law. *Witt v. Atcheson*, 166 Ga. App. 188 (303 SE2d 523) (1983). See *Standard Oil Co. v. Harris*, 120 Ga. App. 768, 775 (172 SE2d 344) (1969).

2. Aron G. Weiner as administrator of the estate of Carolyn Lewis cross-appeals, contending that the trial court should have granted him full summary judgment on the issue of Mrs. Lewis' negligence and erred in holding that an issue of fact remained as to the plaintiffs' claims for lost profits or lost rent under a breach of contract theory.

"When the movant for summary judgment presents evidence which shows that there is no genuine issue of material fact, the movant has met his burden, and the burden then shifts to the other party to present any alternative theories, if such exist, which would support his action and within which genuine issues of fact remain." *Culwell v. Lomas & Nettleton Co.*, 148 Ga. App. 478, 479 (251 SE2d 579) (1978). At no point did the plaintiffs amend their complaint to assert a new theory of recovery. The complaint only sought to recover damages for Mrs. Lewis' alleged negligence. The trial court's order

creates issues not raised by the pleadings or the evidence before it. Indeed, an examination of the record reveals that this case is a subrogation action instituted by plaintiffs' insurance carrier to recover the costs associated with repairing the damage caused by the fire. The plaintiffs' alleged lost profits for breach of contract were not in issue.

Accordingly, we find that the trial court erred in failing to grant full summary judgment to the defendant.

*Judgment affirmed in part and reversed in part. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 9, 1989 —
REHEARING DENIED NOVEMBER 21, 1989 —

*Clark & Clark, Fred S. Clark*, for appellants.
*Karsman, Brooks & Callaway, David R. Smith*, for appellees.

