A89A1681. LAMB v. UNITED STATES SALES CORPORATION.
(390 SE2d 440)

CARLEY, Chief Judge.

After receiving what he contends was notification that he had won a sweepstakes being conducted by appellee-defendant, appellant-plaintiff attempted to collect a monetary prize. Appellee refused to make payment, responding that it had merely notified appellant that he was eligible to enter the sweepstakes and not that he had actually won a prize. Appellant then filed suit against appellee, alleging claims for breach of contract, fraud and violation of the Fair Business Practices Act (FBPA), OCGA § 10-1-390 et seq. Appellee answered and subsequently moved for summary judgment. The trial court granted summary judgment in favor of appellee and appellant appeals.

1. The notification that was sent to appellant was clearly an initial solicitation of his entry into the sweepstakes and not the definite offer to him of the right to claim a sweepstakes prize. The notification

indicated that appellant had "been designated to receive" a specified monetary award *"when* you are the grand prize winner. Please check your mail closely in the next few days for details. . . . No purchase necessary. Total dollar amount will be given away *subject to returning the prize winning entry."* (Emphasis supplied.) "[T]he word *when* is frequently used as equivalent to the word *if."* (Emphasis in original.) *Atlantic Coast Line R. Co. v. Jones,* 132 Ga. 189, 195 (4) (63 SE 834) (1909). "The word 'subject' means, 'being under the contingency of; dependent upon or exposed to (some contingent action).' [Cit.]" *Blue Ridge Apt. Co. v. Telfair Stockton & Co.,* 205 Ga. 552, 558 (54 SE2d 608) (1949). Thus, by its terms, the notification indicated that, *in the event* appellant entered the sweepstakes and won the grand prize, *then* he would be entitled to claim the specified monetary award. No genuine issue of material fact remains as to appellant's claim for breach of contract.

2. Likewise, no genuine issue of material fact remains as to appellant's fraud and FBPA claims. There was no actionable misrepresentation or deceptive act on the part of appellee. "Although [appellant] may have misunderstood the [notification], we find no merit in the claim that [it] was misleading or deceptive." *Blum v. GMAC,* 185 Ga. App. 714, 717 (2) (365 SE2d 474) (1988). Moreover, the undisputed evidence of record shows that there was no reliance by appellant upon the notification that he received. See generally *Zeeman v. Black,* 156 Ga. App. 82, 87 (273 SE2d 910) (1980).

3. Based upon a review of the entire record and the briefs filed in this court, we are "compelled to regard this appeal as frivolous. Accordingly, pursuant to Court of Appeals Rule 26 (b), we assess against the appellant a penalty of $200 for filing a frivolous appeal." *Davis v. Beard,* 184 Ga. App. 88, 89 (360 SE2d 642) (1987). See also *King v. Gilman Paper Co.,* 184 Ga. App. 228 (361 SE2d 390) (1987). We direct that the penalty so imposed be included in the remittitur transmitted to the trial court.

*Judgment affirmed with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 26, 1990.

*S. Robert Hahn, Jr.,* for appellant.
*Kidd & Vaughan, Gwenn D. Holland,* for appellee.