A90A2233. MILLER et al. v. TRAMMELL.
(400 SE2d 387)

POPE, Judge.

Plaintiff Horace Trammell entered into a written agreement with defendant Gary M. Miller, as president of 007 Landfill, Inc., under which Miller leased certain property owned by Trammell for the purpose of operating a landfill. Approximately one year after the business had been in operation, Trammell filed a dispossessory action against Miller and the corporation alleging violations of the lease. Defendants appeal the grant of summary judgment to Trammell and we affirm.

1. Paragraph 4 of the lease contract provided that the payments for the use of the property would be 50 percent of the profits generated from the operation of the landfill, to be paid weekly; and that in addition to said lease payments, "Lessors shall be entitled to fifty (50%) percent of all proceeds from the sale of dirt, soil, or rock from the premises, payable and verifiable in the same manner as proceeds from the landfill operations." Defendant corporation was obligated to "keep and maintain complete written records on each transaction. . . ."

Trammell asserted, among other allegations, that defendants had breached the lease provisions of paragraph 4 by letting customers haul away dirt from the landfill at no cost, charging only a fee to load

the dirt which was not shared with Trammell. As no written records were kept of these transactions, Trammell was unable to ascertain the exact amount defendants had failed to pay him. The trial court ordered the dispossession, finding as a matter of fact and law that defendants breached paragraph 4 of the lease calling for the payment of rent; and that, specifically, "the practice of giving away the dirt from the landfill and charging a fee for loading the same, without compensating the plaintiff in any manner violates the clear and unambiguous language of the lease."

Defendants contend the grant of summary judgment on this issue was erroneous because Trammell did not carry his burden as movant to show whether there had been any sale of dirt. They argue the court incorrectly construed the lease to provide that any removal of dirt constituted a sale of dirt. From the hearings on the motion and the depositions of the parties it was clear to the trial court, as it is to this court on review, that the defendants' stratagem was to give away the dirt without the authorization of the lessor and charge for loading it on the customers' trucks in order to avoid the payment of 50 percent of the proceeds as required by the lease. Miller himself unequivocally testified he was giving away the dirt and charging for his services, and that no written records were kept of this enterprise. Thus no question of material fact remains as to how the transactions took place, nor that Trammell received no compensation for the dirt removed from the landfill in violation of the rent provision of the lease agreement.

" 'When the movant for summary judgment presents evidence which shows that there is no genuine issue of material fact, the movant has met his burden, and the burden then shifts to the other party to present any alternative theories, if such exist, . . . within which genuine issues of fact remain.' [Cit.]" *Savannah Bank & Trust Co. v. Weiner*, 193 Ga. App. 616, 617 (2) (388 SE2d 725) (1989). Accord *Jarrett v. Butts*, 190 Ga. App. 703 (6) (b) (379 SE2d 583) (1989). Since defendants failed to come forward with any rebuttal evidence on this issue, the trial court correctly granted summary judgment to Trammell on his writ of dispossession. See *Main Station v. Atel I*, 190 Ga. App. 205 (2) (378 SE2d 393) (1989).

2. We are compelled to regard this appeal to be frivolous and interposed only to delay the enforcement of the trial court's order granting possession of the leased property to plaintiff lessor. Consequently, pursuant to Rule 26 (b) of the Rules of the Court of Appeals of Georgia, we assess a penalty of $500 against defendants-appellants for filing a frivolous appeal. The lower court is hereby directed to enter judgment against the defendants-appellants in the amount of $500 upon the return of the remittitur in the case. See *Lamb v. United States Sales Corp.*, 194 Ga. App. 333 (3) (390 SE2d 440) (1990).

*Judgment affirmed with direction. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 5, 1990.

*Richardson, Chenggis & Constantinides, George G. Chenggis*, for appellants.
*Bramblett & Findley, Martin B. Findley*, for appellee.