A94A0793. STEINBERGER v. BARWICK PHARMACY, INC. et al.
(444 SE2d 341)

BLACKBURN, Judge.

The appellant, Rita Steinberger, filed the instant action for damages under a negligence theory against Barwick Pharmacy, Inc. (Barwick) and Briarcliff Realty, Inc. (Briarcliff), as a result of injuries she sustained in a fall from a single step platform located within the pharmacy. Specifically, Steinberger alleged that the one-step platform was a latent defect and that Barwick and Briarcliff were negligent in maintaining such a defect and negligent in failing to provide handrails on either side of the platform. She further alleged that the dangerous condition was constructed by or at the direction of Briarcliff

and this negligent construction was the proximate cause of her fall and her injuries.

Thereafter, both Barwick and Briarcliff moved for summary judgment and the motions were granted by the trial court. The court below found that the clear and undisputed evidence showed that Steinberger failed to exercise reasonable care for her own safety. The trial court also denied Steinberger's motion to join as a party defendant Briarcliff Shopping Center, Inc., the owner of the premises leased by Barwick, based upon the court's conclusion that the issue was moot in light of its decision on the motions for summary judgment. This appeal followed.

The record, viewed in the light most favorable to Steinberger, the nonmovant, shows that on August 29, 1991, as a part of her duties as an interviewer with a medical marketing research firm, Steinberger visited Barwick Pharmacy for the first time for a scheduled interview with Eddie Harelik, the owner of the pharmacy. Steinberger entered the pharmacy and proceeded to Harelik's office at the rear of the pharmacy. The office was located on a raised platform approximately seven inches above the level of the main floor of the pharmacy. The platform was covered with reddish-brown carpeting, the floor was covered with a beige-colored terrazzo, and the face of the platform had been painted black. Steinberger had no problem seeing the raised ledge and stepped up onto the ledge without incident.

After an hour-long interview, Steinberger fractured her elbow when she stepped off the platform without looking down. At the time of the fall, Steinberger had not been distracted, did not trip, and admitted that if she had been looking down at the time of the fall, she may have seen the step down. No averments were made by Steinberger that the lighting was a factor in her fall. While there were no signs warning of the raised platform or handrails in place, the step down was open and obvious, and the evidence indicates that Steinberger was not looking in any event and so the absence of these items are of no consequence.

1. Initially, Steinberger maintains that the trial court erred in granting the motions for summary judgment in light of her experts' testimony that the one-step platform was inherently dangerous and a pedestrian exercising ordinary care would not likely perceive the presence of the danger. We disagree.

It is undisputed that Steinberger was an invitee at the time of the fall and in order to recover for injuries sustained due to an allegedly hazardous condition on a property, an invitee must show fault on the part of the owner or occupier of land and their own ignorance of the danger. *Bodenheimer v. Southern Bell Tel. &c. Co.*, 209 Ga. App. 248 (433 SE2d 75) (1993). "Where the case involves a static dangerous condition, the rule is well established that 'the basis of the proprie-

tor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does.' . . . [Cit.]" *Powell v. Woodridge Condo. Assn.*, 206 Ga. App. 176, 177 (424 SE2d 855) (1992).

While Steinberger presented expert testimony that the platform was inherently dangerous because an infrequent user acting reasonably and cautiously may easily fail to detect its presence, this court has held that such raised-level surfaces are not inherently dangerous as a matter of law. In *Lane v. Maxwell Brothers & Asbill, Inc.*, 136 Ga. App. 712, 713 (222 SE2d 184) (1975), we specifically held that " '[p]latforms are usual things in stores. . . . They are not inherently dangerous. The evidence here shows that there was nothing unusual or dangerous in the manner in which the platform was placed. . . . When they are placed so as to not threaten or endanger those visiting the store, within full sight and observation, the merchant is not liable for accidents caused by the carelessness and inattention of others.' [Cit.]" See also *Hosp. Auth. of Ben Hill County v. Bostic*, 198 Ga. App. 500 (402 SE2d 103) (1991).

We disagree with Steinberger that *Lane* is distinguishable, and the facts herein are controlled by *Robinson v. Western Intl. Hotels Co.*, 170 Ga. App. 812 (318 SE2d 235) (1984). On the contrary, *Robinson* is factually distinguishable from the subject case. Moreover, there is no evidence that the contrasting colors used on the platform, riser and floor area created such an optical illusion which made descending the stairs difficult. Cf. *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348 (2) (349 SE2d 241) (1986).

Additionally, "[i]n the case at hand, the ultimate issue is whether defendant[s] w[ere] negligent in maintaining a hazardous condition on the property. In everyday life, persons are required to negotiate the floors, steps and doorways of buildings. It is within the experience and capacity of an average layman to determine whether a [platform] in a [pharmacy] is a hazardous condition. Thus . . . it does not appear that any particular professional skill or specialized knowledge would necessarily be required to penetrate a 'shroud of mystery' surrounding that issue. [Consequently], the conclusions of [an] expert witness are not admissible on the ultimate issue of defendant[s'] negligence and [the expert's] testimony does not preclude the grant of summary judgment. . . ." (Citations and punctuation omitted.) *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114, 115 (427 SE2d 86) (1993).

Even assuming arguendo that the platform was defective as alleged by Steinberger, " '[i]t is uncontroverted that upon entering the [office] appellant had crossed the same area in which she fell while leaving. Thus, appellant cannot show appellee[s'] superior knowledge,

which is necessary in order for her to recover. When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom.' . . . [Cit.]" *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291, 292 (1) (435 SE2d 764) (1993).

Steinberger failed to exercise reasonable care for her own safety because " '(i)t was incumbent upon her, as a matter of law, to use her eyesight for the purpose of discovering any discernible obstruction or defect in her path.' . . . [Cit.]" *J. H. Harvey Co. v. Johnson*, 211 Ga. App. 809, 811 (440 SE2d 548) (1994). "An invitee is under an equal duty with the owner to use her sight to discover any defect or dangers." (Citations and punctuation omitted.) *Rose v. Kennesaw House*, 203 Ga. App. 648, 649 (417 SE2d 379) (1992). "If plaintiff knows of a defect, '(she) must make use of all (her) senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to (her).' [Cits.]" *Hall v. Thompson*, 193 Ga. App. 574, 575 (388 SE2d 381) (1989). Steinberger cannot recover for her own misadventure. *Rose*, supra.

2. Next, Steinberger argues that summary adjudication was inappropriate because Barwick and Briarcliff failed to provide handrails on the one-step platform in violation of several building safety codes in effect when the building was constructed and at the time of her fall. Steinberger argues that those violations establish negligence per se. However, "even assuming that appellee[s] w[ere] negligent in not maintaining the [handrails] at [the] facility in accord with the building codes, appellant is nevertheless not entitled to recover where it is clear that her knowledge of the alleged 'defective condition' and potential danger evidenced by the [one-step platform] was equal to that of appellee[s]. This is particularly true since appellant had only [an hour] before traversed the same route of which she now complains. [Cit.]" *Motes v. 6 'S' Co.*, 186 Ga. App. 67, 68 (366 SE2d 358) (1988).

Steinberger's reliance on *Thompson v. Crownover*, 259 Ga. 126 (381 SE2d 283) (1989) and *Bastien v. Metro. Park Lake Assoc.*, 209 Ga. App. 881 (434 SE2d 736) (1993) is misplaced. *Thompson* and *Bastien* involve alleged violations of OCGA § 44-7-2, which statute specifically forbids landlords from avoiding their duties created by housing codes.

3. Lastly, we reject Steinberger's assertion that the trial court erred in failing to join Briarcliff Shopping Center, Inc., as a party defendant. The trial court correctly concluded that the issue was moot. Moreover, any action against Briarcliff Shopping Center, Inc., is barred by the eight-year statute of limitation applicable to such an action under OCGA § 9-3-51 (a) (3). The record shows that the building at issue was constructed in 1960 and this action was commenced

in May 1992, and there is no evidence that would toll the limitation period. Therefore, the trial court did not err in failing to join Briar-cliff Shopping Center, Inc. as a party to this action. See *U-Haul Co. of Western Ga. v. Abreu & Robeson, Inc.*, 156 Ga. App. 72 (274 SE2d 26) (1980).

4. Considering the undisputed evidence in this case and the controlling principles of law in such actions, there was no valid reason for Steinberger to anticipate reversal of the trial court's judgment. Consequently, pursuant to Rule 26 (b) of the Rules of the Court of Appeals of Georgia, we assess a penalty of $500 against Steinberger for filing this frivolous appeal. The trial court is directed to enter judgment against Steinberger in the amount of $500 upon the return of the remittitur. See *Miller v. Trammell*, 198 Ga. App. 27 (400 SE2d 387) (1990).

*Judgment affirmed with direction. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 19, 1994 —
RECONSIDERATION DENIED MAY 3, 1994 —

*Robert L. Herman, Kathie G. McClure,* for appellant.

*Irwin, Bladen, Baker & Russell, Kathleen M. Pacious, Sharon W. Ware & Associates, Emory A. Wilkerson, Donald W. Osborne,* for appellees.