A96A1919. STEELE et al. v. ROSEHAVEN CHAPEL, INC.
(478 SE2d 596)

Judge Harold R. Banke.

Jeannine C. Steele and Robert H. Steele sued Rosehaven Chapel, Inc. ("Rosehaven") for personal injuries and loss of consortium respectively due to Jeannine Steele's fall on the front entrance step of Rosehaven's funeral home. The Steeles appeal the trial court's grant of summary judgment in favor of Rosehaven.

Summary judgment is appropriate when the court viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the evidence was as follows. Jeannine Steele entered Rosehaven's funeral home through the front entrance walking up the steps which had a handrail. After spending less than one hour inside, Steele exited through the same door but proceeded to her left instead of going straight down the main stairs which she had previously traversed. Steele failed to observe a single step down, incurring serious injuries as a result. At the time of her fall, the front steps leading straight up to the doorway had yellow striping on them to identify the existence of steps. However, the sole step leading out to the left side had no such striping and was not equipped with a handrail.

Steele offered the expert testimony of Deborah Hyde, a Ph.D. in architecture having specific expertise in building safety issues. Dr. Hyde used the 1988 Standard Building Code and the Life Safety Code which had been adopted by Douglas County to decide whether the step at issue was in compliance with applicable building codes and minimum safety standards. Dr. Hyde determined that the placement of the single step with the lack of defined nosing (leading edge of a step), absence of a handrail, and the lack of a defining contrast in the composition of the brick pattern, created an inherently dangerous condition.

Although Rosehaven had not posted a warning sign cautioning about the single step, it is undisputed that no one had previously fallen on the front steps. Concluding that Steele failed to exercise ordinary care for her own safety and failed to offer any evidence that Rosehaven had superior knowledge of the alleged hazard, the trial court granted summary judgment. *Held*:

Steele contends that the existence of material issues of disputed fact precluded summary judgment. We disagree. "It has long been the position of this court that '(t)he mere existence or maintenance of a difference in floor levels or of steps in a business building does not constitute negligence. [Cits.]' [Cits.]" *Wilson v. Duncan*, 211 Ga. App. 814 (440 SE2d 550) (1994). In order to recover for her injuries allegedly sustained due to an allegedly hazardous condition, Steele had to show fault on the part of Rosehaven and her own ignorance of the danger. *Steinberger v. Barwick Pharmacy*, 213 Ga. App. 122, 123 (1) (444 SE2d 341) (1994). Proof of nothing more than the occurrence of a fall is not sufficient to establish negligence or to give rise to liability. *Wilson*, 211 Ga. App. at 815. It is axiomatic that " '[i]n everyday life, persons are required to negotiate the floors, steps and doorways of buildings.' " (Citation omitted.) *Steinberger*, 213 Ga. App. at 124 (1).

In the present case, Steele does not assert that the area was improperly lit or that the step was obscured from view so that it could not be seen. In fact, she admitted that she was not looking down because she incorrectly assumed that the ground was level. Because she had ascended a similar step on the same front porch about 45 minutes earlier as she entered, she should have reasonably anticipated that there would be a step down off the porch as she departed. Steele admitted that she was not looking where she was walking and that her attention was focused on her vehicle parked nearby. Steele acknowledged that there was nothing obstructing her vision or preventing her from looking down had she chosen to do so. It was incumbent upon Steele to use her eyesight for the purpose of discovering any discernible obstruction or defect in her path; this she failed to do. *J. H. Harvey Co. v. Johnson*, 211 Ga. App. 809, 811 (440 SE2d 548) (1994).

Steele's contention that she was unable to see the step due to an "optical illusion" is negated by the fact that she did not look down before she fell. *Emory Univ. v. Duncan*, 182 Ga. App. 326, 329 (2) (355 SE2d 446) (1987); compare *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348, 350 (2) (349 SE2d 241) (1986). Nor are we persuaded by Steele's argument that Rosehaven's failure to provide a handrail or striping on the step, arguably in violation of local codes, establishes negligence per se. *Steinberger*, 213 Ga. App. at 125 (2). Even assuming arguendo that the step was defective, Steele's admission that she entered the same area shortly before and crossed the same area where she fell albeit a few feet over to the side is fatal to her claim as she cannot show Rosehaven's superior knowledge. Regardless of the alleged violations of building codes, Steele's failure to exercise ordinary care for her own safety to discover the alleged defective condition bars her recovery. *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291, 292 (2) (435 SE2d 764) (1993).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 22, 1996 —
RECONSIDERATION DENIED NOVEMBER 13, 1996 — 

*Robert S. Windholz*, for appellants.
*Fain, Major & Wiley, Thomas E. Brennan, John K. Miles, Jr.*, for appellee.