## A97A0723. BRAMBLETT et al. v. EARL SMITH FLOORS, INC.
### (481 SE2d 246)

SMITH, Judge.

In this slip and fall case, plaintiffs Roberta Bramblett and her husband appeal the trial court's grant of summary judgment to defendant Earl Smith Floors, Inc. Because the existence of different floor levels in a business does not constitute negligence or create an inherent danger, and because Bramblett had equal knowledge of the floor level change, we affirm.

In her complaint, Bramblett alleged that she fell from a step or ledge in appellee's warehouse. At her deposition, she testified that she entered the warehouse ahead of one of Smith's employees to look for some scrap linoleum to line her kitchen cabinets. This employee spoke to a male employee who entered the warehouse, although Bramblett could not hear what the first employee said. According to Bramblett, the man replied to the first employee, "well, over here, you know, there's some more up there or something like that, and I think I turned to look and I think then I stepped off." Bramblett acknowledged that neither employee was speaking to her at the time. She did later "guess" that the second employee was speaking to "all of us," but she surmised this only because he was pointing out a product that she wanted; he was responding to a question from the other employee.

Bramblett testified that she did not recall any difficulty seeing where to walk, that she made no complaints regarding lighting, that she was not in a hurry, and that nothing prevented her from seeing her feet or the floor surface. Before her fall, she saw one Smith employee standing on the upper level, and one standing on the lower level of the warehouse. She had already "glanced" at linoleum on the lower level before she fell. She had watched the second employee drive an all terrain vehicle through an outside door, and she had watched him walk "eight or ten steps" toward her on the lower level of the warehouse. She saw the floor on both the upper and the lower level before she fell. She acknowledged that she realized there was a lower level when the second employee came in, but contended she did not know exactly where the level changed.

Bramblett testified that she never looked down at her feet to see the exact location of the change in floor level, that nothing prevented

her from looking, and that she "probably" would have been able to see it if she had looked. While she contended she was "distracted" by looking in the direction that one employee had indicated to another, she acknowledged that nothing prevented her from looking down other than looking at the product in the warehouse. She agreed that she told the Smith employees after her fall that she should have been looking where she was walking. Moreover, Bramblett said in a recorded statement and at her deposition that there was "fault on both sides. . . . I didn't look close enough."

"An owner or occupier of land has a duty of exercising ordinary care to keep the premises and approaches safe for invitees. The basis of the owner's liability is a superior knowledge of the condition that subjected the invitee to an unreasonable risk of harm. The hazard in this case is a 'static' condition which is not dangerous unless someone fails to observe it and steps into it. In cases involving static conditions, if the invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition. Also, we have held that where there is nothing to obstruct or interfere with the invitee's ability to see the static defect, the owner is justified in assuming that the visitor will see it and realize the risks involved." (Citations and punctuation omitted.) *MARTA v. Fife*, 220 Ga. App. 298, 300 (2) (469 SE2d 420) (1996).

"It has long been the position of this court that the mere existence or maintenance of a difference in floor levels or of steps in a business building does not constitute negligence." (Citations and punctuation omitted.) *Wilson v. Duncan*, 211 Ga. App. 814 (440 SE2d 550) (1994); see also *Steele v. Rosehaven Chapel*, 223 Ga. App. 523, 524 (478 SE2d 596) (1996); *Steinberger v. Barwick Pharmacy*, 213 Ga. App. 122, 124 (444 SE2d 341) (1994). Bramblett does not assert that the area was improperly lit or that the step was obscured from view so that it could not be seen. In fact, like the plaintiff in *Steele*, she admitted that she was not looking down. *Steele*, supra at 524.

While Bramblett contends she was distracted by the conversation between the two Smith employees, merely looking at a sales clerk, particularly when the sales clerk was not conversing with Bramblett at the time, did not constitute a distraction that prevented her from seeing the step. *Coffey v. Wal-Mart Stores*, 224 Ga. App. 824, 829 (3) (482 SE2d 720) (1997). Nor is looking at products in a store a distraction. *Riggs v. Great A & P Tea Co.*, 205 Ga. App. 608, 610 (423 SE2d 8) (1992). If any distraction existed, it was self-induced, and

Bramblett cannot rely upon it. Id.; *Coffey*, supra.[1]

Bramblett later filed an affidavit in which she alleged that she "exercised reasonable care," and "was distracted by the activities" of the Smith employees, but to the extent that these unexplained statements contradict her deposition testimony they must be construed against her on summary judgment. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). The fact that a Smith employee fell on the step on a previous occasion while carrying boxes of tile does not demonstrate negligence. *Wilson v. Duncan*, supra at 815.

Because a step or change in level, without more, does not constitute negligence or a hazardous condition, Bramblett has failed to prove one essential element of her claim: the existence of a hazard. And because she testified that she was aware of the different levels in the warehouse, she is unable to prove a second essential element of her claim: Smith's superior knowledge of the defect or hazard. Therefore, the trial court did not err in granting Smith's motion for summary judgment on Bramblett's negligence claim. Her husband's loss of consortium claim is dependent on his wife's right to recover, and his claim therefore must also fail. *Sewell v. Dixie Region Sports Car &c.*, 215 Ga. App. 611, 613 (2) (451 SE2d 489) (1994).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur in the judgment only.*

DECIDED JULY 11, 1997.

*Moore, Ingram, Johnson & Steele, John H. Moore, Robert E. Jones*, for appellants.

*Downey & Cleveland, George L. Welborn, Todd E. Hatcher*, for appellee.

---

[1] While *Robinson v. Kroger Co.*, 222 Ga. App. 711 (476 SE2d 29) (1996), cert. granted, 223 Ga. App. 910, is currently before the Supreme Court, until that appeal is resolved we will continue to apply the standard enunciated in *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). *Coffey*, supra at 827.