A02A0934. MYERS v. HARRIS et al.
(570 SE2d 600)

BLACKBURN, Chief Judge.

In this static defect, fall case, Barbara Myers, plaintiff below, appeals the trial court's order granting summary judgment to Walker Harris and Son-Rise Prison Ministries, Inc. (Son-Rise), defendants below, contending that genuine issues of material fact remain. For the reasons set forth below, we affirm in part and reverse in part.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Becton v. Tire King of North Columbus*.[1]

So viewed, the record shows that, on September 13, 1997, Myers and a companion went to a thrift store operated by Son-Rise and located in a building owned by Harris. While shopping, Myers followed her companion and an employee of Son-Rise up a concrete ramp without handrails to an elevated furniture showroom. The store lighting was good, and nothing obstructed Myers's view of the ramp. After successfully ascending the ramp, Myers walked to her right and began walking between pieces of the tightly packed furniture to examine a table and chairs displayed on the concrete ledge adjacent to the ramp. She stepped back and suddenly fell off the ledge, onto and down the ramp she had just traversed, injuring her

---

[1] *Becton v. Tire King of North Columbus*, 246 Ga. App. 57, 58 (539 SE2d 551) (2000).

foot, ankle, and elbow. No ropes or barricades were in place near the ledge, and no warnings regarding the drop-off were posted.

Myers brought suit against both Son-Rise and Harris for her injuries claiming that both parties breached their respective duties, as store proprietor and building owner, to keep the premises safe for invitees. The trial court granted summary judgment for defendants, and Myers now appeals this ruling.

1. Myers contends that Son-Rise, as proprietor of the thrift store, failed to properly warn her of the dangers of the ramp and adjoining ledge, thereby precipitating her fall. In general, " '[a]n owner or occupier of land has a duty of exercising ordinary care to keep the premises and approaches safe for invitees.' " *Bramblett v. Earl Smith Floors.*[2] The ramp and ledge were static conditions, and " '[i]n cases involving static conditions, if the invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does.' " Id.

In her affidavit, Myers contradicts the claims of Son-Rise and Harris that she had traversed the dangerous condition where she fell prior to the incident. Appellees rely on static defect cases in which we have held that, " 'when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom.' " *Christensen v. Overseas Partners Capital.*[3] Appellees' reliance is misplaced in this case.

In her complaint, Myers stated that she fell onto the ramp; and in her deposition, at one point, she states that she did not know why she fell. Later, in her affidavit, Myers testified that after ascending the ramp and walking between the displayed furniture, she did not see where the floor ended, and she stepped back over the ledge. Although her complaint and deposition could be considered contradictory or speculative as to the cause of her fall, we agree with the trial court's finding that Myers's affidavit presented a reasonable explanation in accordance with *Prophecy Corp. v. Charles Rossignol, Inc.*[4] Hence, for summary adjudication purposes, she had not traversed the elevated showroom floor and ledge prior to her fall from there, and her claim does not fail because of her equal knowledge, resulting from previously traversing the static condition.

Next, Myers contends that there is a genuine issue of fact as to whether the dangerous condition was in plain view and whether she

---

[2] *Bramblett v. Earl Smith Floors*, 227 Ga. App. 296, 297 (488 SE2d 766) (1997).

[3] *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827, 829 (2) (549 SE2d 784) (2001).

[4] *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).

exercised reasonable care. " '[P]laintiff's lack of ordinary care for personal safety [is] generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed.' " *Ingles Markets v. Martin.*[5]

Generally, Myers's knowledge of the specific hazard would be determinative of whether she has exercised ordinary care. *Jackson v. Waffle House.*[6] Even though as she ascended the ramp, Myers could have seen the ledge of the elevated showroom, Myers argues that while she was viewing the furniture and navigating her way through and around the furniture as arranged by Son-Rise, it was difficult to determine where the edge of the ledge ended. Myers contends Son-Rise negligently failed to make the area safe, provide barriers, or post a warning of the condition. *Robinson v. Kroger Co.;*[7] *Redding v. Sinclair Refining Co.*[8]

Myers stated that the furniture was packed very tightly and the only way to observe it was to walk in between the different pieces. For that reason, she did not see where the floor ended, as it was not marked. Son-Rise, having placed the furniture on the ledge, should have anticipated that its customers would want to come to the edge of the floor to view the furniture.

Moreover, Myers stated that the furniture "camouflaged the fact that the floor dropped off onto the ramp below." In *Robinson v. Kroger Co.*, supra at 742 (1), the Supreme Court rejected the contention that an invitee must continuously survey the floor for defects. As to appellee Son-Rise, there is a question of fact as to whether the configuration of the merchandise display by Son-Rise was such that the injury sustained was proximately caused by its negligence and whether Myers exercised reasonable care for her own safety. Therefore, the trial court erred in granting summary judgment to Son-Rise.

2. Myers contends that there is an issue of fact as to whether Harris had constructive knowledge of the hazardous condition of the ledge. In accordance with OCGA § 44-7-14, Harris is only responsible for damages resulting from failing to keep the premises in repair or from defective construction. A landlord who has assigned the right of control of his property has no duty to inspect unless a request for repair has been made. *Stephens v. Ernie's Steakhouse &c.*[9]

Harris maintained no daily control over the premises, was not an officer, employee, or agent in the business, and had no knowledge of Son-Rise's operations. Son-Rise had never made any reports of a per-

---

[5] *Ingles Markets v. Martin*, 236 Ga. App. 810 (513 SE2d 536) (1999).
[6] *Jackson v. Waffle House*, 245 Ga. App. 371, 374 (2) (537 SE2d 188) (2000).
[7] *Robinson v. Kroger Co.*, 268 Ga. 735, 744 (493 SE2d 403) (1997).
[8] *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 378 (2) (124 SE2d 688) (1962).
[9] *Stephens v. Ernie's Steakhouse &c.*, 215 Ga. App. 166, 169 (2) (450 SE2d 275) (1994).

son's sustaining an injury on the property or unsafe conditions there. In addition, no repairs had been requested to the ramp or ledge area. We note that there has been no showing of a failure of the structure requiring repair. The only question of negligence relates to the placement of display furniture near the ledge. It is undisputed that Son-Rise was solely responsible for this placement and any failure to warn or erect barriers. Therefore, the trial court did not err in granting summary judgment to Harris.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Miller, J., concur.*

DECIDED AUGUST 20, 2002 —
RECONSIDERATION DENIED SEPTEMBER 6, 2002.

*David A. Anton*, for appellant.
*Conoscienti, Storm & Kendall, Michael C. Kendall, Brenda H. Trammell*, for appellees.