# FOURTH DIVISION
## BARNES, P. J.,
## RAY and MCMILLIAN, JJ.

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 22, 2016**

# In the Court of Appeals of Georgia

A15A2211. STEPHENS v. KMART CORPORATION.

BARNES, Presiding Judge.

Nadine Stephens appeals from the trial court's grant of summary judgment to the Kmart Corporation on Stephens' personal injury complaint for damages after she was injured when she fell stepping off the curb of a Kmart store. Because an issue of fact exists as to whether Stephens exercised ordinary care for her own safety, we reverse.

We review a grant of summary judgment de novo and view the evidence in a light most favorable to the nonmoving party. Summary judgment should be granted when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. If there is no evidence to support at least one essential element of the plaintiff's case, the defendant is entitled to summary judgment.

(Footnotes omitted.) *Nemeth v. RREEF America LLC.*, 283 Ga. App. 795, 796 (643 SE2d 283) (2007).

So viewed, the record demonstrates that on March 12, 2011, Stephens and her husband went to a Kmart store located in Tifton to make a payment on items that were being held in layaway at the store. Stephens had visited the store on two or three other occasions to make payments, but would make her payment and leave. On this occasion, while her husband went inside the store, Stephens remained outside to browse through several clothing racks located on the sidewalk in front of the store. As she was looking at the clothes, Stephens navigated around a column located on the sidewalk to get to another rack of clothes and her foot stepped off the curb, causing her to fall on the asphalt. Stephens testified that the clothes were hanging down from the racks onto the sidewalk, the racks were lined up bumper to bumper, and the racks were "right up against the curb,"with no space between the racks and the curb. Stephens fractured her C-6 vertebrae in the fall.

A manager on duty the day of the fall took Stephens' statement and photographed the scene, and also reported the incident to Kmart. He further testified that it was his routine practice to initial and date the photographs before sending them and the report to Kmart's insurance carrier. The manager identified an exhibit introduced at his deposition as a photograph taken the day of Stephens' accident.

However, the photograph did not contain a date or his initials.[1] According to the manager, he did not see a problem with the way the racks were set up on the sidewalk, but he also testified that Stephens had not complained about how the racks were set up or mention that she had fallen because her view was obstructed by the racks being placed too close to the curb. A Kmart corporate representative testified that per their sidewalk sale policies and procedures, "we make sure there's a 36-inch clearance between rack to rack or whether its pallet to pallet outside. We make sure that customers are able to maneuver from each side of the pallet or whatever we may have displayed outside."

Following a hearing, the trial court granted Kmart's motion for summary judgment based on the "entire record, including briefs, applicable law, and oral argument." On appeal, Stephens essentially contends that the trial court erred in granting summary judgment to Kmart because of remaining disputed material facts.

1. Stephens first asserts that the trial court impermissibly traversed the province of the jury and based its grant of summary judgment on "the fact-specific nature of the claims." But the quoted phrase is from a letter the trial court sent to the parties'

---

[1] The paper the photograph is printed on contains the date "6/16/2011," but there is no indication in the record what the date represents.

which the trial noted that, "[t]his is a very close call. Case law is all over the place because of the fact-specific nature of these claims. I'm granting Defendant Kmart's motion."

Even assuming, without deciding, that the letter, which does not contain a stamped file date, is part of the record below, we conduct a de novo review on appeal from a grant of summary judgment, and thus Stephens cannot show that the trial court's statement reflects any action which harmed her. See *McClain v. George*, 267 Ga. App. 851, 854 (2) (600 SE2d 837) (2004) (failure to show harm vitiates any possible error.)

2. Stephens also contends that the trial court erred in granting Kmart summary judgment because there were material issues of fact as to whether the curb was obstructed by the racks and clothing on the sidewalk. We agree.

> The "routine" issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed. . . . [A]n invitee's failure to exercise ordinary care is not established as a matter of law by the invitee's admission that he did not look at the site on which he placed his foot or that he could have seen the hazard had he visually examined the floor before taking the step which led to his downfall. Rather, the

4

issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation.. . . *[A]n invitee presents some evidence of the exercise of reasonable care for personal safety when the invitee explains that something in the control of the owner/occupier and of such a nature that the owner/occupier knew or should have known of its distractive quality caused him not to look at the site of the hazard.*

(Emphasis supplied.) *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997). "A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it." *Thomas v. Executive Committee of the Baptist Convention &c.*, 262 Ga. App. 315, 319 (c) (585 SE2d 217) (2003). A person is presumed to have knowledge of such a defect "when that person has successfully negotiated the alleged dangerous condition on a previous occasion." (Punctuation and footnote omitted.) *Nemeth*, 283 Ga. App. at 797 (1). Here, "the issue is whether the factual evidence is plain, palpable, and undisputed that nothing obstructed [Stephens'] ability to see the [drop off to the curb] and thus the defect was or should have been visible to her." *Thomas*, 262 Ga. App. at 319 (c). Notably, "[i]t is . . . [Stephen's] knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely her knowledge of the generally prevailing

5

hazardous conditions or of the hazardous conditions which plaintiff observes and avoids." (Punctuation and footnote omitted.) *Jackson v. Waffle House*, 245 Ga. App. 371, 374 (2) (537 SE2d 188) (2000).

Stephens maintains that, even with the general knowledge that there was a drop off from the sidewalk to the curb, it was impossible to determine where the drop off was because of the position of the racks and because the clothes were hanging down to the sidewalk. In *Robinson*, the Supreme Court rejected the contention that an invitee must continuously survey the floor for defects. *Robinson v. Kroger Co.*, supra at 742 (1). Thus, "an invitee need not look continuously at the ground for defects because the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe." (Punctuation and footnote omitted.) *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827, 830 (2) (549 SE2d 784) (2001).

Stephens described the clothing racks as flush against the edge of the curb with no space between the clothing racks and the curb, and also stated she could not see where the sidewalk ended. Moreover, although Kmart's corporate representative testified about the polices and procedures regarding the placement of displays during a sidewalk sale, there is no evidence that the clothing racks' placement on the day of

Stephens' fall complied with its policy. Likewise, the store manager stated that he took a photograph of the scene and submitted an incident report to the insurance carrier, but the photograph introduced as an exhibit to his deposition is not signed or dated as he testified was customary.

Accordingly,

> there is a question of fact as to whether the configuration of the merchandise display by [Kmart] was such that the injury sustained was proximately caused by its negligence and whether [Stephens] exercised reasonable care for her own safety. Therefore, the trial court erred in granting summary judgment to [Kmart].

*Myers v. Harris*, 257 Ga. App. 286, 288 (1) (570 SE2d 600) (2002) (reversing summary judgment where plaintiff testified that furniture in showroom camouflaged the fact floor dropped off onto the ramp below, even where plaintiff had previously negotiated the ramp up to the raised floor).

*Judgment reversed. McMillian, J., concurs. Ray, J., concurs fully in Division 2 and in the judgment as to Division 1.*

7